IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J. DANIELS AND BARBARA HIGH-DANIELS, INDIVIDUALLY AND AS NEXT FRIEND OF XAVIER DANIELS AND SEBASTIAN DANIELS; SHANE VINALES AND BECKY VINALES, INDIVIDUALLY AND AS NEXT FRIEND OF LANDON VINALES AND SAVANNAH VINALES; JONATHAN KLINE AND SARAH KLINE, INDIVIDUALLY AND AS NEXT FRIEND OF KONNOR KLINE, KENNEDY KLINE, AND KYLEIGH KLINE; MARK HIATT AND RACHEL HIATT, INDIVIDUALLY AND AS NEXT FRIEND OF STEPHEN HIATT, JOSHUA HIATT, DANIEL HIATT, AND JONATHAN HIATT; SAMUEL HAMILTON AND LEILANI HAMILTON, INDIVIDUALLY AND AS NEXT FRIEND OF NEVAEH HAMILTON AND EZEKIEL HAMILTON; THOMAS WOLF AND KASSANDRA WOLF, INDIVIDUALLY AND AS NEXT FRIEND OF CAEDMON GILLIS, GABRIEL WINCHELL, NADIA WOLF, AND MATTHEW WOLF; AND JON ALEXANDER AND ALLISON ALEXANDER, INDIVIDUALLY AND AS NEXT FRIEND OF NYA ALEXANDER AND MARCUS ALEXANDER; AND LANCE KONZEN AND MEGAN KONZEN,<br>    PLAINTIFFS<br><br>v.<br><br>AETC II PRIVATIZED HOUSING, LLC; AETC II PROPERTY MANAGERS, LLC; AND HUNT ELP, LTD. D/B/A HUNT MILITARY COMMUNITIES,<br>    DEFENDANTS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 5:19-cv-01280 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND TO FILE THEIR RULE 12(B) MOTION**

To the Honorable U.S. District Judge Fred Biery:

On November 19, 2019, Defendants filed their *Motion for Extension of Time to Respond to Complaint and to File their Rule 12(b) Motion* ("Motion") [Doc. No. 5].  Plaintiffs file this response to advise the court that, generally speaking, Plaintiffs' counsel is willing to extend professional courtesies to opposing counsel, including reasonable requests for extensions.  Under the present circumstances, where counsel has made an appearance for Defendants, a fourteen day extension of the answer date is reasonable, provided no further delay is sought.  As noted in the Motion, counsel did confer about a potential agreement to extend the answer deadline, but no agreement was reached on the terms.

In the process of discussing the extension, two facts became apparent.  First, counsel signing the Motion, Jennifer Skipper – a Texas licensed lawyer – has been retained by an affiliate of the Defendants and has been actively engaged in litigating a case with similar facts in Mississippi for over a year.  *See* Exhibit 1, Answer filed by Jennifer Skipper on behalf of Hunt MH Property Management, LLC dated March 26, 2018.  It is clear that Defendants have or were well-aware of counsel equipped to represent it since the date of service, October 30, 2019.  Second, in response to requests from news outlets who covered the filing of the lawsuit, Defendants publicly stated on October 29, 2019, that "We are aware of the lawsuit recently filed against Hunt Military Communities.  We believe the lawsuit is without merit and intend to vigorously defend the Company against these baseless claims."  *See* Exhibit 2, Military Times Article by Karen Jowers dated October 29, 2019.  It is again clear that Defendants knew of the lawsuit, had evaluated its merit, intended to vigorously defend against it, but then waited until days before the answer deadline to hire counsel or begin investigating or researching the case.

– 2 –

Professional courtesies are appropriate, as is proper fact-gathering and briefing on an issue as important as the health and safety of military families in the houses rented to them by Defendants.  What is not appropriate is for Defendants to make public statements like they made, and then delay in taking the actions necessitated by the service of a lawsuit.

Now that Defendants are represented by counsel in this case, the professional courtesy of a fourteen day extension to answer is reasonable, provided Defendants do not otherwise try to delay any preliminary relief sought by Plaintiffs.

## PRAYER

WHEREFORE, Plaintiffs pray that the Court grant consider the foregoing facts and circumstances in connection with the Motion, grant Defendants no more than a fourteen day extension on their deadline to answer the complaint, and grant Plaintiffs all such further relief, in law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Ryan C. Reed*
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com
    Ryan C. Reed
    Texas State Bar No. 24065957
    rreed@pulmanlaw.com
    Matthew J. McGowan
    Texas State Bar No. 24098077
    mmcgowan@pulmanlaw.com
    Sarah Jackson Donahue
    Texas State Bar No. 24103760
    sdonahue@pulmanlaw.com

LAW OFFICES OF JAMES R. MORIARTY
James. R. Moriarty
Texas State Bar No. 14459000
jim@moriarty.com
4119 Montrose, Suite 250
Houston, Texas 77006
(713) 528-0700 Telephone
(713) 528-1390 Facsimile

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I certify that on the 20th day of November, 2019, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will send notification of such filing to the

following:

Jennifer Skipper
BALCH & BINGHAM LLP
1888 East Capitol Street, Suite 1400
Jackson, Mississippi 39201

Julia W. Mann
JACKSON WALKER LLP
112 E. Pecan Street, Suite 2400
San Antonio, Texas 78205

/s/ Ryan C. Reed
Ryan C. Reed

EXHIBIT
1

### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**MICHAEL YARBROUGH, JR., ANN**
**YARBROUGH AND ALIZELYIA YARBROUGH,**
**MICHAEL YARBBROUGH, III AND JAMES**
**YARBROUGH, MINORS, BY AND THROUGH**
**THEIR NATURAL GUARDIANS, MICHAEL**
**YARBROUGH, JR. AND ANN YARBROUGH**                    **PLAINTIFFS**

**V.**                                  **CIVIL ACTION NO. 1:18cv51LG-RHW**

**HUNT SOUTHERN GROUP, LLC FKA**
**FOREST CITY SOUTHERN GROUP, LLC,**
**FOREST CITY RESIDENTIAL MANAGEMENT,**
**LLC, HUNT MH PROPERTY MANAGEMENT LLC,**
**UNKNOWN JOHN AND JANE DOES A THROUGH**
**M, AND OTHER UNKNOWN CORPORATE**
**ENTITIES N THROUGH Z**                              **DEFENDANTS**

### HUNT MH PROPERTY MANAGEMENT, LLC'S
### ANSWER TO PLAINTIFFS' COMPLAINT

Hunt MH Property Management, LLC ("Hunt MH") answers the above-styled Complaint

as follows:

### PARTIES

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth

of the averments of this paragraph and therefore denies the same.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth

of the averments of this paragraph and therefore denies the same.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

6.

This paragraph is directed to another Defendant such that this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

7.

This paragraph is directed to another Defendant such that this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

8.

Hunt MH admits it is a Delaware limited liability company with a registered agent in Mississippi duly listed with the Mississippi Secretary of State. Hunt MH admits it is a property management company. All other averments of this paragraph not specifically admitted are hereby denied.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

## JURISDICTION AND VENUE

11.

Defendant denies this paragraph. Defendant affirmatively asserts that jurisdiction is proper in the United States District Court for the Southern District of Mississippi, Southern Division as the events alleged in Plaintiffs' Complaint occurred wholly within and on a federal enclave, Keesler Air Force Base, involved a federal officer, and occurred between diverse parties. To the extent that this paragraph alleges any wrongdoing against Defendant, such is specifically denied.

## FACTS

12.

Defendant admits that one or more Plaintiffs lived on Keesler Air Force Base, a federal enclave. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and therefore denies the same.

13.

Defendant admits that at certain times when one or more Plaintiffs resided at 295 Fairchild Drive in the West Falcon neighborhood of Keesler Air Force Base, a federal enclave, this Defendant was the property manager for such neighborhood. Defendant denies the remaining allegations of paragraph 13.

14.

Defendant denies the allegations of paragraph 14.

15.

Defendant denies the allegations of paragraph 15.

16.

Defendant denies the allegations of paragraph 16.

17.

Defendant admits that Plaintiffs attached to their Complaint what purports to be certain mold testing at the home. Defendant denies the remaining allegations of this paragraph and intends to challenge the manner of the testing, methodology of the testing, the accuracy of the testing and the general conclusions of the testing in this case.

18.

Defendant denies the allegations of paragraph 18.

19.

Defendant denies the allegations of paragraph 19.

20.

Defendant denies the allegations of paragraph 20.

21.

Defendant denies the allegations of paragraph 21.

22.

Defendant denies the allegations of paragraph 22.

**COUNT I**

**NEGLIGENCE**

23.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 22 as if fully incorporated herein.

24.

Defendant denies the allegations of paragraph 24, including sub-paragraphs A through M.

25.

Defendant denies the allegations of paragraph 25.

**COUNT II**

**GROSS NEGLIGENCE**

26.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 25 as if fully incorporated herein.

27.

Defendant denies the allegations of paragraph 27.

28.

Defendant denies the allegations of paragraph 28.

**COUNT III**

**BREACH OF CONTRACT**

29.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 28 as if fully incorporated herein.

30.

Defendant denies the allegations of paragraph 30, including sub-paragraphs A through G. Defendant further denies that it entered any contract with Plaintiffs.

31.

Defendant denies the allegations of paragraph 31. Defendant further denies that it entered any contract with Plaintiffs.

## COUNT IV

## CIVIL CONSPIRACY

32.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 31 as if fully incorporated herein.

33.

Defendant denies the allegations of paragraph 33.

## COUNT V

## ALTER EGO

34.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 33 as if fully incorporated herein.

35.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the various averments of this paragraph and therefore denies the same.

## COUNT VI

## FRAUDULENT CONCEALMENT

36.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 35 as if fully incorporated herein.

37.

Defendant denies the allegations of paragraph 37, including sub-paragraphs A through E.

**COUNT VII**

**INTENTIONAL ENDANGERMENT**

38.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 37 as if fully incorporated herein.

39.

Defendant denies the allegations of paragraph 39.

**DISCOVERY RULE**

40.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 39 as if fully incorporated herein.

41.

Defendant denies the allegations of paragraph 41.

**CONTINUING TORT**

42.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 41 as if fully incorporated herein.

43.

Defendant denies the allegations of paragraph 43.

## DISABILITY OF INFANCY

### 44.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 43 as if fully incorporated herein.

### 45.

Defendant denies the allegations of paragraph 45.

## DAMAGES

### 46.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 45 as if fully incorporated herein.

### 47.

Defendant denies the allegations of paragraph 47, including sub-paragraphs A through E. Defendant further denies that Plaintiffs are entitled to a judgment of and from Hunt MH.

## PUNITIVE DAMAGES

### 48.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 47 as if fully incorporated herein.

### 49.

Defendant denies the allegations of paragraph 49. Defendant further denies that Plaintiffs are entitled to a judgment of and from Hunt MH.

## ATTORNEYS' FEES

### 50.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 49 as if fully incorporated herein.

51.

Defendant denies the allegations of paragraph 51. Defendant further denies that Plaintiffs are entitled to a judgment of and from Hunt MH.

## PRAYER

Defendant denies the unnumbered paragraph following paragraph 51 and further denies that Plaintiffs are entitled to a judgment of and from Hunt MH, and further denies that Plaintiffs are entitled to a judgment of and from Hunt MH in any amount or any form whatsoever. Hunt MH prays to be dismissed from this action with its costs and for any other relief to which it may be entitled. All other averments not specifically admitted are hereby denied.

## FIRST DEFENSE

This action is barred by the applicable statutes of limitation or of repose and/or the doctrine of laches.

## SECOND DEFENSE

The negligence of Plaintiffs proximately caused or contributed to the alleged damages, injuries or loss, if any was sustained. Any recovery is therefore barred or should be diminished accordingly.

## THIRD DEFENSE

The acts or omissions of others over whom this Defendant had no control, whose acts or omissions this Defendant had no reason to anticipate, and for whom this Defendant is not liable, proximately caused or contributed to the damages, injuries, or loss, if any. These acts or

omissions of others constitute intervening cause(s) and supersede any alleged wrongful act or omission on the part of this Defendant.

## FOURTH DEFENSE

Plaintiffs assumed the risk of the alleged damages, injuries, or losses, if any.

## FIFTH DEFENSE

Plaintiffs failed to mitigate damages, if any.

## SIXTH DEFENSE

Defendant is entitled to a credit in the amount of settlements, whenever such may be entered into, in the amounts received by Plaintiffs.

## SEVENTH DEFENSE

All or part of Plaintiffs' claims which are the basis of this lawsuit have either been settled or adjudicated and therefore, the doctrines of *res judicata*, collateral estoppel, judicial estoppel, equitable estoppel, acquiescence, election of remedies, payment and release, waiver, and accord and satisfaction bar Plaintiffs' claims against this Defendant.

## EIGHTH DEFENSE

This Defendant asserts all rights and claims it may have pursuant to Miss. Code § 85-5-7, as amended, and other applicable Mississippi law for contribution among joint tortfeasors, apportionment of fault and other safeguards contained therein and/or setoff of any amount paid in settlement or reimbursement by any other person, entity or defendant.

## NINTH DEFENSE

Plaintiffs' claims against this Defendant are speculative only and there can be no recovery from this Defendant.

## TENTH DEFENSE

Plaintiffs have failed to plead Civil Conspiracy or Fraudulent Concealment with particularity as required by Miss. R. Civ. P. 9(b) and/or Fed. R. Civ. P. 9(b) and should therefore be dismissed against this Defendant.

## ELEVENTH DEFENSE

Defendant pleads all defenses, objections, and protections afforded by Miss. Code Ann. § 11-1-60, as amended.

## TWELFTH DEFENSE

The Complaint should be dismissed for failure to state a claim against this Defendant upon which relief can be granted.

## THIRTEENTH DEFENSE

This Court lacks *in personam* jurisdiction over this Defendant.

## FOURTEENTH DEFENSE

Plaintiffs' claims against this Defendant are speculative and do not warrant recovery.

## FIFTEENTH DEFENSE

At all relevant times, Plaintiffs' home complied with all applicable governmental building codes, standards, regulations, and specifications.

## SIXTEENTH DEFENSE

The injuries, if any, for which Plaintiffs seek recovery resulted from Plaintiffs' pre-existing illnesses or conditions. All injuries and damages alleged by Plaintiffs, if any, were proximately contributed to by Plaintiffs' pre-existing injuries and conditions.

## SEVENTEENTH DEFENSE

Hunt MH is entitled to any sovereign or governmental immunity available to the United States of America.

## EIGHTEENTH DEFENSE

Liability for Plaintiffs' damages, if any, is due to the negligence and/or conduct of others.

## NINETEENTH DEFENSE

Defendant reserves the right to assert any and/or all applicable affirmative defenses which discovery may reveal appropriate.

## TWENTIETH DEFENSE

Defendant specifically and affirmatively denies any claims made against it by any co-defendant in this action, including any cross-claims, any claims for indemnity or any other claims filed by any co-defendant.

## TWENTY-FIRST DEFENSE

Plaintiffs are not entitled to an award of punitive damages because they failed to allege sufficient facts within the Complaint to demonstrate any conscious disregard for the safety of Plaintiffs, or any willful, wanton or malicious act or omissions, or any other act of conduct on the part of this Defendant which could form the basis for an award of punitive damages.

## TWENTY-SECOND DEFENSE

No party is entitled to recover punitive or exemplary damages in any form or fashion in this case in that it would violate this Defendant's rights under the Constitution of the United States and the Constitution of the State of Mississippi. Any award of exemplary or punitive damages, in the absence of appropriate standards, procedures to ensure their application, and adequate review, would be unreasonable, arbitrary, capricious and confiscatory, would have no relation to any ascertainable fact, and therefore would afford this Defendant no adequate means of defense in appellate review. Mississippi law does not provide adequate procedures or standards of review. Any award of such damages under Mississippi law and procedure would be

in violation of this Defendant's Constitutional Rights, and thus any such allegations to recover exemplary or punitive damages should be stricken.

## **TWENTY-THIRD DEFENSE**

The imposition of punitive damages in this action violates this Defendant's constitutional right of due process under the Mississippi Constitution and the United States Constitution because it creates an unnecessary and undue risk of an improper verdict on the issue of liability, on the measure of compensatory damages, on the issue of whether to award punitive damages, and on the measure of punitive damages.

## **TWENTY-FOURTH DEFENSE**

This Defendant asserts that any award of punitive damages would violate the Mississippi Constitution and the United States Constitution in that:

a. Any instruction defining conduct warranting punitive damages is vague and violates the Fifth and Fourteenth Amendments to the United States Constitution;

b. An allowance of punitive damages in this case would violate the Commerce Clause, Article I, Section 8, United States Constitution;

c. An allowance of punitive damages in this case would exposure this Defendant to multiple awards of punitive damages and thereby subject it to double jeopardy for the same alleged acts and would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article III, Section 28 of the Constitution of the State of Mississippi; and

d. An allowance of punitive damages in this case would violate the Ex Post Facto Clause of the United States Constitution.

## TWENTY-FIFTH DEFENSE

To the extent that the claims attempted to be asserted against this Defendant are predicated upon breach of warranty or breach of other contractual relationships, the same are barred because Plaintiffs have no contractual relationship, express or implied, with this Defendant.

## TWENTY-SIXTH DEFENSE

Defendant pleads all rights and defenses available under Mississippi Code Annotated § 11-1-65 such that an award of punitive damages should be controlled and limited by this statute.

WHEREFORE, Defendant Hunt MH Property Management, LLC respectfully requests that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered in its favor, and that Hunt MH be awarded its costs, expenses, and such other relief as the Court deems just.

This the 26th day of March, 2018.

Respectfully submitted,

**Balch & Bingham, LLP**

/s/ Jennifer J. Skipper
Walter H. Boone, MSB#8651
Jennifer J. Skipper, MSB#100808

*Attorneys for Hunt MH Property Management, LLC*

**BALCH & BINGHAM LLP**
188 East Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
Email:  wboone@balch.com
        jskipper@balch.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jennifer J. Skipper, one of the attorneys for Hunt MH Property Management, LLC, do hereby certify that a true and correct copy of the above and foregoing has been electronically filed with the Clerk of the Court of the United States District Court for the Southern District of Mississippi Southern Division via the CM/ECF system such that all ECF participants have received notice of same.

This, the 26th day of March, 2018.

/s/ Jennifer J. Skipper
Jennifer J. Skipper

EXHIBIT

2

**Pay & Benefits (//www.militarytimes.com/pay-benefits/)**

## Cockroaches, mold, raw sewage: 8 military families sue privatized housing company

By: Karen Jowers (/author/karen-jowers)    📅 October 29

5.9K

*This article has been updated to include comments from the commander at Joint Base San Antonio.*

Citing all-too familiar scenarios ranging from houses overrun by cockroaches to mold-blackened walls, eight military families have filed a lawsuit against a privatized housing company alleging fraud in connection with their homes that were uninhabitable (https://www.militarytimes.com/pay-benefits/2019/02/14/black-mold-rodents-lead-paint-in-privatized-housing-no-rent-until-its-fixed-military-spouses-say/).

The complaint, filed Tuesday in federal court in San Antonio, alleges that Hunt Military Communities failed to properly maintain the houses at Randolph Air Force Base and Laughlin Air Force Base, Texas, "subjecting tenant service members and their families to atrocious conditions (https://www.militarytimes.com/pay-benefits/2019/02/13/more-than-half-who-took-survey-are-dissatisfied-with-military-privatized-housing/), including pervasive mold and other airborne toxins." It alleges the company was aware of the condition of the houses, but misled the families by leasing houses that were uninhabitable and not safe for human occupancy.

The families are from the Army, Air Force and Navy.

The lawsuit cites examples of human waste deposited under houses because of plumbing that was disconnected for years; mold growing on the rim of a child's toothpaste tube in a mold-infested bathroom; floors detaching from walls, leaking roofs, and asbestos and lead-based paint filling the air.

Many of the service members and their family members have fallen ill (https://www.militarytimes.com/pay-benefits/2019/03/20/is-anybody-tracking-health-issues-from-mold-and-other-military-housing-hazards/) with a variety of respiratory and other symptoms, have lost nearly all their personal possessions (https://www.militarytimes.com/pay-benefits/2019/03/22/if-your-military-housing-is-contaminated-who-pays-your-mold-related-expenses/) because of mold contamination, and paid their full base housing for the "woefully substandard" housing, according to the lawsuit.

The defendants are AETC II Privatized Housing, LLC; AETC II Property Managers, LLC; and Hunt Military Communities.

Officials with Hunt Companies denied the allegations in a statement provided to Military Times: "We are aware of the lawsuit recently filed against Hunt Military Communities. We believe the lawsuit is without merit and intend to vigorously defend the Company against these baseless claims."

The allegations cited in the lawsuit echo the housing issues that have been raised by countless military families over the past year. Military officials and company officials have vowed publicly to immediately fix problems and set permanent fixes in motion. Service officials have admitted they abdicated their responsibility, and gave up their oversight roles over the years to private companies who were supposed to provide better housing, sustain and maintain it for 50 years.

One common theme in this lawsuit was that families repeatedly put in maintenance requests asking Hunt to address the mold and other problems, but "Hunt would misdiagnose the issue, utilize substandard service providers to allegedly remediate the problems, and mislead its tenants about the remediation actions allegedly undertaken," according to the lawsuit.

The lawsuit asks for an unspecified amount of damages for the eight families. Attorneys are in the process of determining those estimates, said James Moriarty, an attorney representing the families. But he estimated it will be "in the millions to tens of millions of dollars." That includes the refunds of Basic Allowance for Housing the families paid during the time they were living in the housing, the cost of lost personal property infested with mold, excessive utility bills, environmental testing, and

Cockroaches, mold, raw sewage: 8 military families sue privatized housing company

medical expenses in the past and in the future.

Ryan C. Reed, also representing the families, said there are a lot of similarities in these cases to a recent jury award of more than $2 million to a Marine Corps family (https://www.militarytimes.com/pay-benefits/2019/09/10/jury-awards-marine-corps-family-more-than-2-million-for-mold-health-issues-in-privatized-housing/) in connection with mold contamination and other issues in their privatized housing residence in San Diego.

Moriarty said he is especially concerned about the children in the families, and the long-term health effects.

"The level of overcharges and abuse of these families is out of control," he said. "These companies have gotten away with decades of financial and health and safety abuse. ... I see a crystal clear pattern of under-maintenance of these properties."

The families include: Air Force Capt. Michael Daniels and his wife, Barbara High-Daniels, and their two sons; Army Capt. Jonathan Kline and his wife, Sarah, and their three children; Air Force Lt. Col. Mark Hiatt and his wife, Rachel and their four children; Air Force Tech. Sgt. Samuel Hamilton and his wife, Leilani, and their two children; Air Force Tech. Sgt. Thomas Wolf and his wife, Kassandra, and their four children; Army Lt. Col. Shane Vinales and his wife, Becky, and their two children; Navy Petty Officer 1st Class Jon Alexander and his wife, Allison, and their two children; and Air Force 2nd Lt. Lance Konzen and his wife, Megan.

When Army Capt. Jonathan Kline, his wife and children walked into their house at Randolph Air Force Base for the first time in July 2017, they found that cockroaches had overrun the house. They immediately contacted Hunt's onsite director about the issue and submitted a number of work orders for issues with the house, but the work orders were never taken seriously or adequately addressed, according to the lawsuit. Throughout their tenancy, they experienced a number of problems with spreading mold, a failing foundation resulting in cracks all over the house, and other issues.

When Kline tried to escalate the issues within the Hunt company, somehow the military became involved and he found himself the subject of an investigation. Although the investigation ultimately resolved in Kline's favor, Hunt's attempted retaliation (https://www.militarytimes.com/pay-benefits/2019/02/14/retaliation-against-military-families-who-speak-up-about-housing-will-meet-with-swift-action-senators-warn/) "caused him delays and setbacks in his career," according to the lawsuit.

"We tried to work it out with Hunt," said Sarah Kline in an interview. "We never had the repairs done the way they should have been."

They also went to the housing office on base for assistance.

"We tried everything we could to resolve this and ended up seeking litigation," she said.

"We realized we weren't a single case, that our friends and neighbors were going through the same thing," she said. "We did this in hopes that we could prevent other military families from having to endure this.

"We're standing together as a military community," she said.

The Klines are now at West Point, where they've had similar issues with their house, owned by Balfour Beatty. They were displaced while mold remediation was taking place, from June 10 to Oct. 28, and were in the process of moving back in to their home during Tuesday's interview.

The Air Force is not named in the lawsuit, but Air Force Brig. Gen. Laura L. Lenderman, commander of the 502d Air Base Wing and Joint Base San Antonio, issued a statement noting that safe and healthy living environments for all service members and their families at JBSA is her top priority. "This should be a given, not an option. I take my responsibility to take care of people seriously," she wrote.

Cockroaches, mold, raw sewage: 8 military families sue privatized housing company

"While we are not a party to the pending litigation, I will remain actively engaged as part of our day-to-day operations to ensure all JBSA privatized military housing project owners are fulfilling their responsibilities." She also encourages residents to submit their questions and concerns to her and JBSA leaders through RandolphPublicAffairs@us.af.mil (mailto:RandolphPublicAffairs@us.af.mil), with the subject line, "Feedback Fridays."

5.9K