IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J. DANIELS AND BARABARA HIGH-DANIELS, ET AL. | § § § | |
| PLAINTIFFS | § § | |
| v. | § § | CASE NO. 5:19-cv-01280 |
| AETC II PRIVATIZED HOUSING, LLC; ET AL. | § § § | |
| DEFENDANTS | § | |

### DEFENDANTS' DESIGNATION OF EXPERTS

Defendants, AETC II Privatized Housing, LLC, AETC II Property Managers, LLC, and Hunt ELP, Ltd., serve this Designation of Expert Witnesses pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and pursuant to the Court's Scheduling Order [150]. All reports attached hereto are incorporated by reference as if set forth herein.

Defendants reserve the right to designate additional experts and/or offer additional opinions from the experts listed herein on the following grounds:

A.  Defendants have not deposed all of the witnesses (including three Plaintiffs and Plaintiffs' experts).

B.  Upon transcription of these depositions, Defendants' experts will need a reasonable period of time to analyze same and potentially clarify and/or designate additional opinions.

C.  The disclosure of any rebuttal opinions offered pursuant to Rule 26(a)(2)(D)(ii).

D.  The disclosure of Declarations or other opinions offered in support of any *Daubert* or other motions to exclude and/or limit Plaintiffs' designated expert testimony.

Each of their experts will be made available for a deposition at Plaintiffs' request. Without waiver of the reservations set forth above, Defendants may call any of the following experts and named physicians:

1. Allison Stock, PhD, MPH
   JS Held
   365 Canal St. Ste. 2760
   New Orleans, LA 2760

Allison Stock is a toxicologist and epidemiologist with over twenty years of toxicology, epidemiology, regulatory, and environmental experience. Dr. Stock's reports provide a statement of opinions held by her, including certain facts or data considered. Dr. Stock's reports may be supplemented as necessary based on circumstances described above. Those reports, including her *curriculum vitae*, testifying history, statement of compensation, and list of publications, are attached hereto as **Exhibit 1**.[1] Finally, Dr. Stock may testify as to any issue raised by other experts within her field of expertise in this matter.

2. George F. Coto, Jr.
   JS Held
   365 Canal St. Ste. 2760
   New Orleans, LA 70130

George F. Coto, Jr. is an Environmental Specialist, Industrial Hygienist, and Mold Assessment Consultant (MAC 1275, exp. 11/29/23), licensed by the State of Texas, with more than eighteen years' experience in environmental consultation. Coto conducted inspections and/or testing in the Pisano, Hiatt and Wolf residences at Randolph Air Force Base. Mr. Coto's reports provide a statement of opinions held by him, including certain facts or data considered. Mr. Coto's reports may be supplemented as necessary based on circumstances described above. Those reports, including his *curriculum vitae*, testifying history, and list of publications, are attached hereto as

---

[1] All exhibits submitted with Defendants' Designation of Experts have been served upon counsel opposite on this day, but will not be attached hereto or filed.

**Exhibit 2**. Mr. Coto charges $175 per hour. Finally, Mr. Coto may testify as to any issue raised by other experts within his field of expertise in this matter.

3. Tom Sumner, CIH, CSP, CHMM
   JS Held
   365 Canal St. Ste. 2760
   New Orleans, LA 70130

Tom Sumner has over 30 years of technical/safety experience in Environmental Health and Safety projects, and is a Certified Industrial Hygienist. Mr. Sumner's reports provide a statement of opinions held by him, including certain facts or data considered. Mr. Sumner's reports may be supplemented as necessary based on circumstances described above. Those reports, including his *curriculum vitae*, testifying history, and list of publications, are attached hereto as **Exhibit 3**. Mr. Sumner charges $175 per hour. Finally, Mr. Sumner may testify as to any issue raised by other experts within his field of expertise in this matter.

4. Gary Gross, M.D.
   Laura Gross, M.D.
   Dallas Allergy & Asthma Center
   5499 Glen Lakes Dr. Ste. 100
   Dallas, TX 75231

Defendants designate Dr. Gary Gross and Dr. Laura Gross as expert witnesses who have performed, or will perform, physical examination(s) on plaintiffs pursuant to Fed. R. Civ. P. 35 in this case. Both Dr. Gary Gross and Dr. Laura Gross hold Board Certifications in Internal Medicine and Allergy and Immunology. These physicians are expected to testify based on their education, training and experience as physicians rendering treatment, therapy and other medical care as it relates to the injuries and conditions set forth in Plaintiffs' Complaint, testimony and medical records. The physicians will rely on their own personal examination of the Plaintiffs, as well as information developed by other medical practitioners contained Plaintiffs' medical records, including, but not limited to, physical examinations, medical histories, laboratory tests, diagnostic

tests, CT scans, and x-rays. They are expected to base their testimony on medical and scientific knowledge as it applies to the issues in this case.

Dr. Gross and Dr. Gross are expected to testify as to all matters pertaining to their review of plaintiffs' medical records, x-rays, and reports, the diagnostic criteria used to diagnose mold-related (or other residence-related exposure) conditions and the basis of such opinions, the prognosis with regard to plaintiffs' medical conditions (or alleged conditions), and general medical issues with an emphasis on effect that mold exposure and other substances have on human health generally and with respect to plaintiffs specifically.  Drs. Gross are expected to testify as to the claimed personal injuries asserted by Plaintiffs in this case, the alleged causation between those injuries and alleged exposure to mold in their homes, medical bills and other damages which may be claimed as a result of that alleged exposure and future injuries, treatment, and/or procedures which Plaintiffs may claim are necessary.

Copies of the Rule 35 physicians' *curriculum vitae* are attached as **Exhibit 4**. Dr. Gary Gross' reports for the Pisano family have already been produced. The reports for each additional Plaintiff will be submitted within the time allowed by Court order [150], forty-five (45) days after each examination. As set forth in their reports, Drs. Gross and Gross charge $350 per hour for medical record review, $400 per hour for testimony and $375 per hour for physical examinations.

5. Joseph Lstiburek, B.A.Sc., M.Eng., Ph.D., P.Eng., ASHRAE Fellow
   Lstriburek Consulting, Inc.
   70 Main St.
   Westford, MA 01886

Dr. Joseph Lstiburek is a leading building science engineer and recognized authority on moisture-related building problems and indoor air quality. Dr. Lstiburek will use his education and experience in addition to his inspection of residences at Randolph Air Force Base to reach opinions in this case. Dr. Lstiburek's report provides a statement of opinions held by him, including certain

facts or data considered. Dr. Lstiburek's report may be supplemented as necessary based on circumstances described above. Dr. Lstiburek's report, his *curriculum vitae*, testifying history, statement of compensation, and list of publications, are attached hereto as **Exhibit 5**. Finally, Dr. Lstiburek may testify as to any issue raised by other experts within his field of expertise in this matter.

6. Ann Reisch, CRE, CCIM, CPM®, RPA
   Reisch Consulting Group, Inc.
   581 Chico Ct.
   Incline Village, NV 89451

Ann Reisch is an expert in property management, including management company operations, property maintenance and inspections, landlord/tenant disputes, and other areas of the residential leasing process. As a Certified Property Manager and licensed real estate broker who is a member of the Institute of Real Estate Management, National Apartment Association, and CCIM Institute, among others, Reisch has reviewed the case documents and will provide testimony based upon her education, experience, and document review. Ms. Reisch's report provides a statement of opinions held by her, including certain facts or data considered. Ms. Reisch's report may be supplemented as necessary based on circumstances described above. Ms. Reisch's report, her *curriculum vitae*, testifying history, statement of compensation, and list of publications are attached hereto as **Exhibit 6**. Finally, Ms. Reisch may testify as to any issue raised by other experts within her field of expertise in this matter.

7. Leah E. Anderson
   10246 Lakeview Dr.
   Providence, TX 76227

Leah Anderson is a Historic Preservation Professional with experience in environmental/historic preservation. Ms. Anderson's report provides a statement of opinions held by her, including certain facts or data considered. Ms. Anderson's report may be supplemented as

necessary based on circumstances described above. Ms. Anderson's report, her *curriculum vitae*, testifying history, statement of compensation, and list of publications, are attached hereto as **Exhibit 7**. Finally, Ms. Anderson may testify as to any issue raised by other experts within her field of expertise in this matter.

8. Christopher B. Ticknor, M.D.
   1202 E. Sonterra Blvd., Ste. 202
   San Antonio, TX 78258

Dr. Christopher Ticknor is licensed to practice medicine in Texas and Board Certified in Psychiatry and Neurology. He specializes in mental health and mental illnesses, with an emphasis on evaluation and treatment of emotional disorders such as depression, anxiety, and trauma. Defendants have designated Dr. Ticknor as expert witness who has, or will, perform mental examination(s) pursuant to Fed. R. Civ. P. 35 in this case. Dr. Ticknor is expected to testify based on his education, training, and experience as a physician rendering treatment, therapy, and other medical care as it relates to the mental injuries and conditions set forth in Plaintiffs' Complaint, testimony, and medical records. Dr. Ticknor will rely on his own personal examination and testing of the Plaintiffs, as well as information developed by other medical practitioners contained in Plaintiffs' medical records, including, but not limited to, examinations, medical histories, laboratory tests, and diagnostic tests.

Dr. Ticknor is expected to testify as to the claimed mental injuries asserted by Plaintiffs in this case, the alleged causation between those mental injuries and their residency at either Randolph or Laughlin Air Force Base, medical bills, and/or other damages which may be claimed as a result of their residency as well as any claimed future injuries, treatment, and/or procedures.

A copy of the Rule 35 physicians' *curriculum vitae*, fee schedule, list of testimony, and publications are attached as **Exhibit 8**. Dr. Ticknor's reports for the Pisano family have already

been produced. The reports for any additional Plaintiff will be submitted within the time allowed by Court order [150], forty-five (45) days after each examination.

9. Justin O'Rourke, Ph.D., ABPP
   Clinical Neuropsychology of Texas, PLLC
   9643 Huebner Rd., Ste. 103, San Antonio, TX 78240

Dr. Justin O'Rourke is a Board Certified Clinical Neuropsychologist who is licensed by the State of Texas. Dr. O'Rourke conducted or will conduct a record review and evaluation of the Plaintiffs pursuant to Fed. R. Civ. P. 35 in this case. Dr. O'Rourke is expected to testify based on his education, training, and experience as a neuropsychologist rendering treatment, therapy, and other medical care as it relates to the mental injuries and conditions set forth in Plaintiffs' Complaint, testimony, and medical records. Dr. O'Rourke will rely on his own personal examination and testing of the Plaintiffs, as well as information developed by other medical practitioners contained Plaintiffs' medical records, including, but not limited to, examinations, medical histories, laboratory tests, and diagnostic tests.

Dr. O'Rourke is expected to testify as to the claimed mental injuries asserted by Plaintiffs in this case, the alleged causation between those mental injuries and their residency at either Randolph or Laughlin Air Force Base, medical bills, and/or other damages which may be claimed as a result of their residency as well as any claimed future injuries, treatment, and/or procedures.

A copy of the Rule 35 physicians' *curriculum vitae,* testifying history, statement of compensation, and list of publications are attached as **Exhibit 9**. Dr. O'Rourke's reports for the Pisano family have already been produced. The reports for each additional Plaintiff will be submitted within the time allowed by Court order [150], forty-five (45) days after each examination.

10. Dr. Douglas B. Cooper, Ph.D., ABPP-CN
    South Texas Neuropsychology
    16014 Via Shavano

San Antonio, TX 78249

Dr. Douglas B. Cooper is a Board Certified Clinical Neuropsychologist who is licensed by the State of Texas. Dr. Cooper conducted or will conduct a record review and evaluation of the Plaintiffs pursuant to Fed. R. Civ. P. 35 in this case. Dr. Cooper is expected to testify based on his education, training, and experience as a neuropsychologist rendering treatment, therapy, and other medical care as it relates to the mental injuries and conditions set forth in Plaintiffs' Complaint, testimony, and medical records. Dr. Cooper will rely on his own personal examination and testing of the Plaintiffs, as well as information developed by other medical practitioners contained Plaintiffs' medical records, including, but not limited to, examinations, medical histories, laboratory tests, and diagnostic tests.

Dr. Cooper is expected to testify as to the claimed mental injuries asserted by Plaintiffs in this case, the alleged causation between those mental injuries and their residency at either Randolph or Laughlin Air Force Base, medical bills, and/or other damages which may be claimed as a result of their residency as well as any claimed future injuries, treatment, and/or procedures.

A copy of the Rule 35 physicians' *curriculum vitae,* testifying history, statement of compensation, and list of publications are attached as **Exhibit 10**. The reports for each Plaintiff will be submitted within the time allowed by Court order [150], forty-five (45) days after each examination.

11. Gilbert Martinez, Ph.D., ABPP-CN
    South Texas Neuropsychological Associates, PLLC
    16014 Via Shavano
    San Antonio, TX 78249

Dr. Gilbert Martinez is a Board Certified Clinical Neuropsychologist who is licensed by the State of Texas and the State of Louisiana. Dr. Martinez conducted or will conduct a record review and evaluation of the Plaintiffs pursuant to Fed. R. Civ. P. 35 in this case. Dr. Martinez is

8

13294441.10

expected to testify based on his education, training, and experience as a neuropsychologist rendering treatment, therapy, and other medical care as it relates to the mental injuries and conditions set forth in Plaintiffs' Complaint, testimony, and medical records. Dr. Martinez will rely on his own personal examination and testing of the Plaintiffs, as well as information developed by other medical practitioners contained Plaintiffs' medical records, including, but not limited to, examinations, medical histories, laboratory tests, and diagnostic tests.

Dr. Martinez is expected to testify as to the claimed mental injuries asserted by Plaintiffs in this case, the alleged causation between those mental injuries and their residency at either Randolph or Laughlin Air Force Base, medical bills, and/or other damages which may be claimed as a result of their residency as well as any claimed future injuries, treatment, and/or procedures.

A copy of the Rule 35 physicians' *curriculum vitae,* testifying history, statement of compensation, and list of publications are attached as **Exhibit 11**. The reports for each Plaintiff will be submitted within the time allowed by Court order [150], forty-five (45) days after each examination.

12. Rachel L. Adams, I.H., M.T. (ASCP), MWR, RPIH, RRP
    JS Held
    429 N Pennsylvania St, Ste 304
    Indianapolis, IN 46204

Rachel L. Adams is an indoor air quality and industrial hygiene professional with particular experience in mold remediation.  Ms. Adams is an IICRC approved instructor and served the cleaning and restoration industry by providing certification courses as well as participating in the ANSI accredited IICRC standards for water damage and mold remediation. Ms. Adams' report provides a statement of opinions held by her, including certain facts or data considered. Ms. Adams's report may be supplemented as necessary based on circumstances described above. Her report, including her curriculum vitae, testifying history, and list of publications, are attached

9

hereto as **Exhibit 12**. Ms. Adams charges $175 per hour. Finally, Ms. Adams may testify as to any issue raised by other experts within her field of expertise in this matter.

13. Argus Environmental Consultants, LLC
    Mark Freemyer, CIEC
    10004 Wurzback, #247
    San Antonio, TX 78230

Argus Environmental Consultants, LLC ("Argus") is a licensed Mold Assessment Company with experience in assessment and remediation of mold growth within indoor environments. Argus conducted HVAC condition assessments, HVAC cleaning mold assessments, visual assessments, contents sampling, HVAC duct assessments, and sewage intrusion assessments on the Plaintiffs' homes and contents. Argus has not been specifically retained in this litigation, but they are being designated pursuant to Rule 26(a)(2)(C) to testify regarding the work done on Plaintiffs' homes and contents, and the reports Argus rendered in connection with that work. The summary of facts and opinions on which Argus may testify are included in the following reports, which have been previously produced with the following bates labels, and are incorporated herein by reference:

| Title | Date | Bates |
|---|---|---|
| **Limited HVAC Condition Assessment Report** | 4/24/2019 | Alexander – AETC – Gen01 – 000518 to 000523<br>Alexander – AETC – Gen01 – 000016 to 000021 |
| **Limited Post HVAC Cleaning Mold Assessment Report** | 6/7/2019 | Alexander – AETC – Gen01 – 000524 to 000531<br>Alexander – AETC – Gen01 – 000008 to 000015 |
| **Limited Visual Assessment Report** | 6/12/2019 | Alexander – AETC – Gen01 – 000532 to 000535<br>Alexander – AETC – Gen01 – 000004 to 000007 |

10

| **Limited Contents Sampling Report** | 5/30/2019 | Daniels – AETC – Gen02 – 000169 to 000179<br>Daniels – AETC – Gen01 – 000023 to 000033<br>Daniels – AETC – Gen01 – 000242 to 000252 |
|---|---|---|
| **Limited Contents Sampling Report** | 6/24/2019 | Daniels – AETC – Gen02 – 000037 to 000055<br>Daniels – AETC – Gen01 – 000004 to 000022<br>Daniels – AETC – Gen01 – 000253 to 000271<br>Daniels – AETC – Gen02 – 000083 to 000101 |
| **Limited Visual HVAC and Home Assessment Report** | 6/18/2019 | Hamilton – AETC – Gen01 – 000549 to 000551<br>Hamilton – AETC – Gen02 – 004973 to 004975<br>Hamilton – AETC – Gen02 – 005799 to 005801 |
| **Limited Visual HVAC Duct Assessment Report** | 2/19/2019 | Konzen – AETC – Gen01 – 000119 to 000124<br>Konzen – AETC – Gen01 – 000130 to 000135<br>Konzen – AETC – Gen01 – 000519 to 000524<br>Konzen – AETC – Gen01 – 000530 to 000535<br>Konzen – AETC – Gen01 – 000541 to 000546<br>Konzen – AETC – Gen01 – 000550 to 000555 |
| **Limited Mold Assessment Report** | 2/26/2019 | Konzen – AETC – Gen01 – 000486 to 000503 |
| **Contents Cleaning Protocol** | 3/1/2019 | Konzen – AETC – Gen02 – 000448 to 000450 |
| **Post Contents Cleaning Assessment Report** | 3/12/2019 | Konzen – AETC – Gen01 – 000463 to 000475<br>Konzen – AETC – Gen01 – 000650 to 000662 |

13294441.10

| | | |
|---|---|---|
| **Limited Sewage Intrusion Assessment Report** | 10/23/2019 | Pisano – AETC – Gen02 – 000032 to 000039<br>Pisano – AETC – Gen01 – 000007 to 000014<br>Pisano – AETC – Gen02 – 000631 to 000638<br>Pisano – AETC – Gen02 – 000641 to 000648<br>Pisano – AETC – Gen02 – 000764 to 000771<br>Pisano – AETC – Gen02 – 000779 to 000786<br>Pisano – AETC – Gen02 – 000794 to 000801<br>Pisano – AETC – Gen02 – 000809 to 000816<br>Pisano – AETC – Gen02 – 000824 to 000831 |
| **Limited Sewage Intrusion Assessment Report – Revision 1** | 10/23/2019 | Argus – 0000001 to Argus – 0000008 (Pisano) |
| **Limited Contents Sampling Report** | 6/6/2019 | Vinales – AETC – Gen02 – 000027 to 000044<br>Vinales – AETC – Gen01 – 000004 to 000021<br>Vinales – AETC – Gen02 – 000979 to 000996 |
| **Limited Mold Assessment Report** | 5/23/2019 | Wolf – AETC – Gen01 – 000224 to 000227 |
| **Post Mold Remediation Passed Clearance Report** | 6/12/2019 | Wolf – AETC – Gen01 – 000235 to 000254 |
| **Mold Remediation Protocol** | 6/12/2019 | Wolf – AETC – Gen01 – 000228 to 000234 |

Argus may testify as to any issue raised by other experts within their field of expertise in this matter.

14. Helen Reynolds, Ph.D.
    Ruhter & Reynolds
    3625 N. Hall St. Ste. 750
    Dallas, TX 75219

12

13294441.10

Defendants designate Helen Reynolds, Ph.D. as an economist and damages expert. Dr. Reynolds may offer testimony pursuant to Rule 26(a)(2)(B) regarding Defendants' net worth (should such testimony be admitted at trial). Defendants maintain that no cause of action for punitive damages is warranted under the facts or law in this case. Moreover, Defendants do not know which causes of action, if any, will survive summary judgment, what actual damages, if any, would be appropriate under those surviving causes of action, and whether any surviving claims do support a claim for punitive damages. However, in the event that the Court determines that punitive damages on any remaining cause of action are appropriate, Defendants designate Dr. Reynolds to testify about the net worth of Defendants. Because net worth is highly confidential information and not relevant unless and until Plaintiffs can and do prevail on a cause of action for which net worth is relevant and because only the current net worth at time of trial would be potentially relevant to damages in this case, Dr. Reynolds does not have a report at this time. This designation will be supplemented as necessary. If called to testify, Dr. Reynolds' opinions will be based on her review of the applicable financial statements, and her education, training, and experience in the areas of accountancy and valuation. Dr. Reynolds charges $425 per hour. Dr. Reynolds' *curriculum vitae*, list of publications, and list of testimony are attached as **Exhibit 13**.

15. Julia Mann, Esq. and Jeff T. Harvey, Esq. of Jackson Walker LLP

Julia Mann, who is one of the undersigned counsel for Defendants, is a partner in the San Antonio office of Jackson Walker LLP. She and/or her colleague in that office, Jeff T. Harvey, who was admitted to the Texas Bar in 1988 and who has particular professional experience in personal-injury law in the state of Texas, may be called to offer opinions as to the amount, reasonableness, and necessity of attorneys' fees incurred by either or both sides in this case, which will include testimony as to hourly rates, the customary hourly rates in the community, the

necessary work performed in a case such as this one, and the manner in which fees and expenses are incurred and maintained. Their testimony and opinions will be based on their professional experience as litigators in the Texas state and federal courts. No report can be prepared in light of the ongoing nature of the attorneys' fees that are incurred in this case. Contact information is set forth in the signature block below, and personal information about Ms. Mann and Mr. Harvey may be obtained at the jw.com website.

**SUPPLEMENTATION.** Defendants reserve the right to supplement these opinions and expert designations in keeping with the Federal Rules of Civil Procedure. Defendants also reserve the right to offer rebuttal expert testimony in keeping with the Federal Rules of Civil Procedure. Defendants also reserve the right to supplement these opinions upon receipt and review of additional medical records, depositions, or discovery, including responses to discovery requests and rebuttals to opinions of any expert witnesses not already received.

Respectfully submitted this the 14th day of March, 2022.

By: /s/ Walter H. Boone
Walter H. Boone, MS Bar No. 8651
*(Admitted to W. D. of TX on 7/28/2020)*
Jennifer J. Skipper, State Bar No. 24076171
BALCH &BINGHAM LLP
188 East Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
E-mail:   wboone@balch.com
          jskipper@balch.com

By: /s/ Julia W. Mann
Julia W. Mann, State Bar No. 00791171
Erica Benites Giese, State Bar No. 24036212
JACKSON WALKER LLP
112 E. Pecan Street, Suite 2400
San Antonio, Texas 782015
Telephone: 210-978-7761
Facsimile: 210-242-4646

E-Mail: jmann@jw.com

***Attorneys for AETC II Privatized Housing, LLC, AETC II Property Managers, LLC, and Hunt ELP, Ltd.***

13294441.10

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and sent notification via e-mail of such filing to the following:

Randall A. Pulman, Esq.
Ryan C. Reed, Esq.
Sarah Jackson Donahue, Esq.
PULMAN, CAPPUCIO, & PULLEN, LLP
2161 NW Military Highway, Suite 400
San Antonio, TX 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile
E-Mail: rpulman@pulmanlaw.com
         rreed@pulmanlaw.com
         sdonahue@pulmanlaw.com

James R. Moriarty, Esq.
LAW OFFICES OF JAMES R. MORIARTY
4119 Montrose, Suite 250
Houston, TX 77006
(713) 528-0700 Telephone
(713) 528-1390 Facsimile
E-Mail: jim@moriarty.com

Mikal C. Watts
Francisco Guerra, IV
Jennifer Arlene Neal
Robert E. Brzezinski
WATTS GUERRA, LLP
Four Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
(210) 477-0500
E-Mail:  mcwatts@wattsguerra.com
         fguerra@wattsguerra.com
         jneal@wattsguerra.com
         rbrzezinski@wattsguerra.com

/s/ *Walter H. Boone*
Walter H. Boone, MS Bar No. 8651
*(Admitted to W. D. of TX on 7/28/2020)*

13294441.10