IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J. DANIELS, *ET AL.*, | § § § § § § § § § § § § | |
| *Plaintiffs,* | | |
| vs. | | 5-19-CV-01280-RBF |
| AETC II PRIVATIZED HOUSING, LLC, *ET AL.*, | | |
| *Defendants.* | | |

**ORDER**

Before the Court[1] are several pending motions and their corresponding responses and replies. They are as follows: (1) Defendants' Motion to Strike Plaintiffs' Designation of Rebuttal Expert Witnesses, Dkt. No. 219; (2) Defendants' Motion to Compel Electronic Discovery, Dkt. No. 224, (3) Plaintiffs' Motion to Compel Discovery Responses, Dkt. No. 226; (4) Plaintiffs' Motion for Extension of Time to Complete Discovery, Dkt. No. 227; and (5) Defendants' Motion for Protective Order, Dkt. No. 241. On July 7, 2022, the Court held a hearing on these matters. All parties were represented by counsel of record, and these matters were discussed and explored at considerable length.

For the reasons discussed at length at the hearing and additionally for all the reasons provided in the parties' briefing, the Court rules as follows on these matters:

**(1)** Defendants' Motion to Strike Plaintiffs' Designation of Rebuttal Expert Witnesses, Dkt. No. 219, is **GRANTED**. The parties agreed on the record at the July 7 hearing

---

[1] Pursuant to the written notices of consent filed by all parties, this case was reassigned pursuant to an order dated July 13, 2022. *See* Dkt. No. 227; 28 U.S.C. § 636(c).

that only expert Krismer is at issue in this motion. In other words, Plaintiffs don't intend to offer rebuttal expert testimony from any other experts identified in Defendants' motion.

With respect to Krismer, Plaintiffs failed to comply with the procedural requirements for supplying a rebuttal report. A new or supplemental report is needed here because Krismer is purporting to offer rebuttal testimony. Defendants already deposed Krismer, and he couldn't fully testify regarding his rebuttal opinions.[2] Defendants have also filed summary judgment briefing. The prejudice to Defendants would therefore be too great were the Court to permit Krismer to offer rebuttal testimony in such circumstances. A late-filed, yet to-be-prepared report wouldn't suffice. Discovery has closed. Defendants timely filed a *Daubert* motion attacking this expert's original opinions. Allowing a supplemental report would surely invite unduly prejudicial attempts to rehabilitate this witness, informed by the pending *Daubert* and possibly summary judgment briefing. It would also risk undue multiplication of the proceedings by inviting further briefing on the topics included in the supplemental report.

**(2)** Defendants' Motion to Compel Electronic Discovery, Dkt. No. 224, is **GRANTED IN PART**. Defendants are instructed to confer with Plaintiffs and provide to the Court a Word version of a proposed order for the Court's review and modification. The proposed order should limit the discovery to a reasonable time frame and to only those topics that touch on this litigation; not other topics like various Plaintiffs' experiences with other housing not alleged to have caused (and that couldn't have contributed to) Plaintiffs' injuries in this case. Unfettered access by Defendants to Plaintiffs' social media accounts is not warranted. And information can be produced subject to the governing protective order. *See* Dkt. No. 36. The parties should

---

[2] *See e.g.*, Krismer Dep. (Dkt. No. 223-1) Tr. 261:19-21; 265:2-12 (explaining that he only has some "initial" thoughts on the matter, and in fact wasn't aware Plaintiffs had designated him as a rebuttal expert until a few days prior to the deposition).

therefore agree on a third-party to facilitate this production and a reasonable time frame for it. If Plaintiffs request input into deciding who the third-party facilitator is, then Defendants and Plaintiffs shall each pay 50% of the costs for the third-party's services. If Plaintiffs leave selection of the third-party to Defendants, then Defendants shall solely bear the costs of the third-party in full.

**(3)** Plaintiffs' Motion to Compel Discovery Responses, Dkt. No. 226, is **GRANTED IN PART**. Defendants shall provide the requested information, but it will be limited with respect to each residence to 5 years before the family in question first occupied the residence at issue and shall span until 2 years after the last date of the family's occupancy in that residence. Information relating to a broader time period or for homes not occupied by any Plaintiff family is not proportional to the needs of the case and need not be produced. The parties shall meaningfully confer regarding a proposed time frame for the production.

**(4)** Plaintiffs' Motion for Extension of Time to Complete Discovery, Dkt. No. 227, is **DENIED**. All requests for additional time to complete discovery are denied at this juncture. The Court may permit a 30(b)(6) deposition to inform issues at trial, assuming some subset of claims survives summary judgment. Plaintiffs may therefore re-urge their request for a Rule 30(b)(6) deposition within 30 days after the Court rules on the last of the pending summary judgment motions.

**(5)** Defendants' Motion for Protective Order, Dkt. No. 241, is **GRANTED IN PART AND DISMISSED IN PART WITHOUT PREJUDICE AS MOOT**. No new discovery, save a possible Rule 30(b)(6) deposition, will be permitted. Issues relating to a possible Rule 30(b)(6) deposition will be taken up after the Court issues a ruling on the pending summary judgment motions, as mentioned above.

**(6)** Finally, as mentioned, discovery in this case has closed. Accordingly, absent exceptional circumstances (or except as provided above) the Court will not entertain further discovery disputes in this case.

**IT IS SO ORDERED.**

SIGNED this 20th day of July, 2022.

                                                                        RICHARD B. FARRER
                                                                         UNITED STATES MAGISTRATE JUDGE