IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL J. DANIELS, et al.<br>　*Plaintiffs*<br><br>v.<br><br>AETC II PRIVATIZED HOUSING, LLC, ET AL.<br>　*Defendants* | §<br>§<br>§<br>§　Cause No. SA-19-CA-01280-FB<br>§<br>§<br>§ |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSED MOTION FOR LEAVE
TO FILE DOCUMENTS UNDER SEAL**

Plaintiffs file this Response to Defendants' Opposed Motion ("Motion") for Leave to File Documents Under Seal [Dkt. #268] (the "Response"), requesting that the Court deny the Motion for two reasons, and respectfully show the Court as follows:

**I.     Defendants seek to seal contractual agreements that are already *redacted*.**

1.     By their Motion, Defendants seek to file under seal certain of their contractual agreements with the United States of America, purportedly to preserve confidential, trade-secret information. However, the contractual agreements that are the subject of the Motion are, in fact, already ***redacted*** to exclude information that Defendants have previously determined is confidential and/or trade-secret information.[1] Defendants do not argue that the entirety of the contractual agreements are confidential, trade-secret documents, and any such argument is disingenuous since Defendants claim to be entitled to governmental immunity based on the contractual agreements. In a free and open system, such as that of the United States of America

---

[1] Plaintiffs' Response leaves for later the argument, to be made at the appropriate procedural juncture, the impropriety of the redactions, which prevent Plaintiffs' counsel and the Court from assessing whether redacted sections of the contractual agreements are germane to the issue of governmental immunity or are confidential business terms.

and its open courts, a private business cannot act under cloak of governmental authority and immunity while hiding the documents that purportedly create such immunity from public view.

## II. Defendants have not overcome the presumption in favor of the public's access to judicial records.

2. "Publicity is the very soul of justice."[2] It is well settled in this country, "[t]he public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021) (analyzing whether documents that the parties themselves labeled as confidential should be sealed from public view). The court in *Binh Hoa Le* stated that courts should be ungenerous with the discretion to seal records and gave three reasons judges must protect public accessibility, "(1) the public has a right to monitor the exercise of judicial authority; (2) judges are the primary representatives of the public interest in the judicial process; and (3) the judiciary's institutional legitimacy depends on public trust." *See id*. The *Binh Hoa Le* court used two standards to determine whether to seal judicial records from public view. *See id.* First, a "good cause" standard applies with respect to protective orders that allow for the sealing of documents produced in discovery. Second, a stricter test applies when a document is filed in a case and becomes part of the judicial record, given the public's interest in knowing what documents have been filed in a case that is part of an open court system. *See id.* Under both standards, there exists a presumption that it is in the public's interest to not seal documents used in litigation. *Id.* at 19.

3. Defendants have not shown "good cause" to deny the public access to the documents they wish to file under seal. In one breath, Defendants argue they are entitled to immunity as government actors, and in the next breath seek protection of their agreements with

---

[2] Jeremy Bentham, *Draught for the Organization of Judicial Establishments*, in vol. 4, The Works of Jeremy Benthan (John Bowring ed., Edinburgh, William Tait, 1838-43).

the government from public view. Defendants' argument is not only hypocritical, but also has no basis in law. If Defendants contend they act under the color of the government, the Court should not permit the sealing of documents that purportedly cloak Defendants with governmental immunity for their private interests. Permitting Defendants to keep such documents under lock and key is harmful because it denies the public the right to monitor the exercise of governmental conduct and judicial authority and weakens public trust in the judicial system. In a case regarding military housing provided to servicemembers charged with the protection of the United States of America, provided by a private company, the public interest in monitoring the applicable agreements outweighs Defendants' private interest in hiding their contracts with the U.S. Government. Servicemembers and their families continue living in Defendants' housing today and will do so for the foreseeable future, and their rights in knowing what the U.S. Government has subjected them to is a matter of paramount public concern[3]. Defendants should not be permitted to continue to operate in secrecy.

## PRAYER

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants' Motion for Leave to File Documents Under Seal and grant Plaintiffs such other and further relief, at law or in equity, as the Court deems to be just, proper, and equitable.

Respectfully submitted,

PULMAN, CAPPUCCIO & PULLEN, LLP
By: /s/ Ryan C. Reed
    Ryan C. Reed
    Texas State Bar No. 24065957
    rreed@pulmanlaw.com

---

[3] This is evidenced by continued public hearings before the U.S. Congress. See https://www.hsgac.senate.gov/subcommittees/investigations/hearings/mistreatment-of-military-families-in-privatized-housing

– 4 –

    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com
    2161 NW Military Highway, Suite 400
    San Antonio, Texas 78213
    (210) 222-9494 Telephone
    (210) 892-1610 Facsimile

**WATTS GUERRA LLP**
    Mikal C. Watts
    Texas State Bar No. 20981820
    mcwatts@wattsguerra.com
    Francisco Guerra, IV
    Texas State Bar No. 00796684
    fguerra@wattsguerra.com
    Robert Brzezinski
    Texas State Bar No. 00783746
    rbrzezinski@wattsguerra.com
    Jennifer Neal
    Texas State Bar No. 24089834
    jneal@wattsguerra.com
    4 Dominion Drive
    Bldg. 3, Suite 100
    San Antonio, Texas 78257
    (210) 447-0500 Telephone
    (210) 447-0501 Facsimile

**LAW OFFICES OF JAMES R. MORIARTY**
    James. R. Moriarty
    Texas State Bar No. 14459000
    jim@moriarty.com
    4119 Montrose, Suite 250
    Houston, Texas 77006
    (713) 528-0700 Telephone
    (713) 528-1390 Facsimile

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Case 5:19-cv-01280-RBF   Document 289   Filed 07/20/22   Page 5 of 5

– 5 –

I hereby certify that on this the 20th day of July, 2022, a true and correct copy of the foregoing document was filed with the Court's ECF system and was served via electronic mail on counsel for Defendants.

                                                         */s/ Ryan C. Reed*
                                                        Ryan C. Reed

– 5 –