## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J. DANIELS, et al. | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | Cause No. SA-19-CA-01280 |
| | § | |
| AETC II PRIVATIZED HOUSING, LLC, ET AL. | § | |
| *Defendants* | § | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSED MOTION TO STRIKE PLAINTIFFS' DECLARATIONS AND SUMMARY JUDGMENT EXHIBIT

Plaintiffs file this Response in opposition to Defendants' Opposed Motion to Strike Plaintiffs' Declarations and Summary Judgment Exhibit [Dkt. 332] (the "Motion") and respectfully show the Court as follows:

### SUMMARY

1.      Defendants filed their Motion, seeking to exclude the Plaintiffs' Declarations, or portions thereof, as well as the press release referenced in Plaintiffs' Responses.  Defendants attach a 179-page Appendix, which purports to identify inconsistencies, but which fails to actual identify any real inconsistencies.  At bottom, the Motion and Appendix fail to detail any real basis for an objection, and fail to identify with specificity which statements, if any, Defendants claim should stricken.  Defendants' efforts to try this case on the papers, when there is a gigantic record replete with fact issues, is a waste of the Court's and the parties' time.

2.      Plaintiffs' Declarations are competent summary judgment evidence and should not be stricken.  The fact that all of the Plaintiffs suffered similarly at the hands of Defendants is not a ground for an objection, but rather is affirmation that Defendants indiscriminately harmed military families in the same manner as part of their pattern and practice of conduct.  Curiously,

and despite the 191-page filing, Defendants claim that "nothing in any one of these Declarations comes close to creating any genuine issue of material fact."  Motion at ¶1.  If that is the case, then there is no need for the Motion.  Nevertheless, Defendants devote 191-pages claiming that the Declarations should be stricken because (1) they contradict themselves and sworn testimony, (2) they are not based on personal knowledge, (3) they are irrelevant, (4) they contain hearsay and inadmissible lay opinions, and (5) they are conclusory.  None of these objections have merit.  Defendants' Motion should be denied.

**ARGUMENT & AUTHORITIES**

## I.      Contradictions

3.      Defendants claim that a summary judgment affidavit is inadmissible if it "impeaches, without explanation, sworn testimony."  *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 495 (5th Cir. 1996).  Defendants go on to cite several examples where they claim the declarations are inconsistent with sworn testimony.  Even the prime examples they include in the body of their response fail to meet the cited standard.

4.      With respect to Rachel Hiatt, there is a huge difference between the Declaration testimony that "Hunt involved our chain of command" and the response to the question asked by defense counsel about whether "Hunt is known to interfere with complaining service members' careers…".  Motion at 3.  Simply put, the response to the deposition question does not contradict the statement in the Declaration, but addresses a different question.

5.      With respect to Leilani Hamilton's Declaration, again, there is a difference between reviewing the housing website and having seen advertising materials.  While a website may contain advertising materials, a website for housing is a platform for information about housing, not necessarily advertising.  In this case, defense counsel's overly broad questions, without

defining terms, cannot create a contradiction.  If defense counsel had asked whether Mrs. Hamilton had reviewed the website, it may be a different matter, but a generic question about "advertising" does not result in an inconsistency.

6.       Plaintiffs could detail each instance cited in the 179-page Appendix in this Response, but doing so line by line would only demonstrate that the same response is true for every instance pointed out by Defendants – there are no inconsistencies; instead, there are responses to generic and overbroad questions that Defendants hope to cast as inconsistent.  The bottom line is that Defendants' deposition questions were either too generic or imprecise to support their argument that the Declarations purportedly contradict sworn testimony.  Thus, none of the Plaintiffs' Declarations or statements should be stricken.

7.       As to the contention that the Declarations contradict themselves, the argument lacks merit.  While Plaintiffs described their worries throughout the time living in the houses in the Declarations, such descriptions are not inconsistent with the notion that Plaintiffs discovered exactly how bad the conditions were at the time the Plaintiffs left these houses.

8.       Ultimately, the Motion fails to set forth exactly which purportedly self-contradictory statements the Defendants claim should be excluded.

9.       For all of the foregoing reasons, the inconsistency objection should be overruled and the Motion should be denied.

## II.    Personal Knowledge.

10.      Defendants next claim that because the "facts" are identical for each of the nine Declarations, the allegations cannot be based on personal knowledge.  Motion at ¶4. This argument likewise fails.  To use an analogy, the fact that nine witnesses observed that a light was green,

stating in declarations that "the light was green," does not mean that their observations are not based on personal knowledge.

11.     In the present case, each plaintiff who swore a Declaration described, based on their personal knowledge, what happened to their family.  The fact that the circumstances are incredibly similar is a testament to the manner in which Defendants operate.  Further, the fact that the Declarations are based on something of a template is irrelevant, given that each Declaration sets forth facts and swears them to be based on personal knowledge.  Defendants' insistence on trying this case on the papers is the reason a template is necessary, because Plaintiffs had to respond to the identical arguments nine times over.  However, the fact that the same or similar language is used to describe what happened to Plaintiffs does not undercut that the Plaintiffs are making the declarations based on their personal knowledge or that they personally experienced those issues.  Moreover, it ignores that every plaintiff Declaration is, in fact, unique.

12.     In those minimal instances where the personal knowledge is based on one spouse's knowledge testified to by another spouse, this objection likewise fails.  Each spouse knows the circumstances based on what was relayed to them by the other spouse.  This may be the subject of exploration on cross-examination, but is not a basis to exclude testimony.

III.    **Relevance**

13.     Defendants next claim that the Declarations contain statements that are not relevant, citing to statements about physical injury, fear of future injury, past fear of injury.  Each one of these categories of statements is relevant to the mental anguish suffered by Plaintiffs, regardless of whether or not they are seeking to recover damages for physical injury.  Defendants sought summary judgment on the mental anguish sought by Plaintiffs.  On that basis, Plaintiffs'

statements regarding actual or perceived personal injuries, which affected a plaintiffs' mental state, are relevant.

14.     As to the claim that Plaintiffs assumed "that Hunt would comply with Texas law," Plaintiffs' understanding of the representations made to them are relevant to the claims of fraud and misrepresentation, and are not offered to be statements of contract interpretation.  As Defendants challenged Plaintiffs' claims for misrepresentation on summary judgment, Plaintiffs' statements with respect to what they understand was represented to them is relevant.

15.     Finally, Defendants challenge the press release offered by Plaintiffs on the grounds of relevance.  After attempting to differentiate the press release from Plaintiffs' claims, Defendants assert an objection under Federal Rule of Evidence 408(a)(1).  However, Plaintiffs are not offering the press release to prove the validity of a disputed claim, but rather to demonstrate that, consistent with Plaintiffs' claims, Hunt has been accused of committing fraud by others.  By their summary judgment motions, Defendants challenge Plaintiffs' claims for fraud; therefore, evidence of Defendants' pattern and practice of fraudulent behavior is relevant.

## IV.   Hearsay and Lay Opinion

16.     Defendants next challenge certain aspects of Plaintiffs' Declarations on the basis of hearsay.  Specifically, the challenge is to the statements that Plaintiffs "did some research on the internet and contacted people in the mold industry" and, based on that research, "mold can spread throughout a house and affect all property in the house."  Motion at ¶8.  Plaintiffs, by these statements, are not relaying what another party said.  Instead, Plaintiffs are conveying information they learned and that is part of their knowledge base.  In essence, Defendants are trying to argue that a person cannot testify that 2+2=4 on the grounds of hearsay, because that is something their kindergarten teacher told them.  More importantly, Plaintiffs are not offering these statements for

the truth of the matter asserted, but instead to prove their mental state.  This information is relevant to Plaintiffs' mental anguish damages, as challenged by Defendants in the summary judgments, so the knowledge and mental state of a Plaintiff with respect to mold is not offered to prove the truth of the matter, but rather as evidence of the concerns of the Plaintiffs that caused them mental anguish.  The same is true with respect to the purportedly "lay opinion" objection.  Plaintiffs are not offering these statements as expert opinions, but rather as information germane to their mental state.  Accordingly, the statements are not inadmissible hearsay or inadmissible lay opinion.

17.     Similarly, with respect to the DOJ press release, it is not offered for the truth of the matters asserted therein, but rather as evidence of Defendants' pattern and practice.  Accordingly, it is not hearsay under Rule 801 of the Federal Rules of Evidence.

## V.     Conclusory Statements

18.     Finally, Defendants challenge the Declarations as containing statements that are too general, vague, self-serving and conclusory.  Defendants take issue with statements like "Hunt would attempt to gas light us into believe that it was a common problem" and "this turned out not to be true as the same issues continued to recur."  Motion at ¶9.  With respect to every statement challenged by Defendants, they are not conclusory statements.  They are statements that describe circumstances and, in some cases, characterize the circumstances.  Such statements are a far cry from true conclusory statements, such as "Hunt committed fraud," which is not asserted in the Declarations.  Many of these statements also follow much more detailed statements in the Declarations, and it is inappropriate to take them out of context and claim they are conclusory.  While Defendants may have follow up questions as to certain of these statements, they can ask those follow up questions at trial, but that does not make them conclusory statements.

19.     At bottom, imagine the delay and aggravation at trial if Defendants continue with the pattern of unnecessary and improper objections at trial.  The bottom line is that Plaintiffs' Declarations are proper summary judgment evidence not subject to any legitimate evidentiary objection.

**PRAYER**

20.     Defendants' objections to Plaintiffs' Declarations as set forth in the Motion lack merit.  The cited statements are not contradictory nor conclusory, are based on personal knowledge, are relevant to the matters challenged by Defendants on summary judgment, and are not hearsay or lay opinions. The objections should be overruled and the Motion denied.

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants Motion, deny the Motions for Summary Judgment, set this case for a jury trial, and grant Plaintiffs such other and further relief, at law or in equity, as the Court deems to be just, proper, and equitable.

Respectfully submitted,

PULMAN, CAPPUCCIO & PULLEN, LLP
By: */s/ Ryan C. Reed*
     Ryan C. Reed
     Texas State Bar No. 24065957
     rreed@pulmanlaw.com
     Randall A. Pulman
     Texas State Bar No. 16393250
     rpulman@pulmanlaw.com
     2161 NW Military Highway, Suite 400
     San Antonio, Texas 78213
     (210) 222-9494 Telephone
     (210) 892-1610 Facsimile


WATTS GUERRA LLP
     Mikal C. Watts
     Texas State Bar No. 20981820
     mcwatts@wattsguerra.com
     Francisco Guerra, IV

Texas State Bar No. 00796684
fguerra@wattsguerra.com
Robert Brzezinski
Texas State Bar No. 00783746
rbrzezinski@wattsguerra.com
Jennifer Neal
Texas State Bar No. 24089834
jneal@wattsguerra.com
4 Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas 78257
(210) 447-0500 Telephone
(210) 447-0501 Facsimile

**LAW OFFICES OF JAMES R. MORIARTY**
James. R. Moriarty
Texas State Bar No. 14459000
jim@moriarty.com
4119 Montrose, Suite 250
Houston, Texas 77006
(713) 528-0700 Telephone
(713) 528-1390 Facsimile

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of September, 2022, a true and correct copy of the foregoing document was filed with the Court's ECF system and was served via electronic mail on counsel for Defendants.

*/s/ Ryan C. Reed*
Ryan C. Reed