IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J DANIELS, ET AL., | § | |
| *Plaintiffs,* | § | |
| vs. | § | 5-19-CV-01280-RBF |
| AETC II PRIVATIZED HOUSING, LLC, ET AL., | § | |
| *Defendants.* | § | |

**<u>ORDER</u>**

Before the Court are seven related Motions for Summary Judgment filed by Defendants against seven families of Plaintiffs who resided in military housing at Randolph Air Force Base. *See* Dkt. Nos. 252 (Kline), 253 (Alexander), 255 (Wolf), 256 (Daniels), 258 (Pisano), 259 (Hiatt), 261 (Hamilton). The motions each raise the same arguments on the federal-enclave doctrine, which seek to limit Plaintiffs' available causes of action and remedies to those recognized under Texas law at the time of cession. Plaintiffs' responses all raise the same arguments in opposition. *See* Dkt. Nos. 308 (Pisano), 310 (Kline), 311 (Daniels), 312 (Alexander), 313 (Hamilton), 317 (Hiatt), 318 (Wolf).

The arguments here are identical to those the Court considered in Defendants' Motion for Summary Judgment Against Vinales Plaintiffs. *See* Dkt. No. 260. On November 17, 2022, the Court held a hearing, attended by all parties, pertaining to that motion and a related Motion to Strike, *see* Dkt. No. 332, wherein the Court heard argument on Randolph's status as a federal enclave and the merits of Plaintiffs' reasons why the federal-enclave doctrine should not bar certain claims. The Court also heard argument at that time on the Vinales Plaintiffs' fraud allegations. After careful deliberation, the Court granted in part Defendants' motions on the

federal-enclave doctrine, claims for fraudulent misrepresentation, and the relevance of a DOJ press release attached to the response. *See* Dkt. No. 349.

The Court's ruling on the federal-enclave doctrine as it pertains to the Vinales Plaintiffs applies equally to other similarly situated families who are parties to this action. Accordingly, the federal-enclave doctrine applies to the Alexander, Daniels, Hamilton, Hiatt, Kline, Pisano, and Wolf Plaintiffs, who all resided at Randolph, and the doctrine bars all claims not recognized pre-cession. *See id.* at 4-8; *Lord v. Loc. Union No. 2088*, 646 F.2d 1057, 1059-60 (5th Cir. 1981). The federal-enclave doctrine thus requires dismissal of Plaintiffs' statutory claims (Counts 1, 2, 5, and 10), common-law claims for implied warranty (Count 2) and negligent misrepresentation (Count 4), damages for personal injury under the lease (Count 3), damages for mental distress, and attorney's fees.

The Court notes many other similarities between the instant motions and those addressed at the November 17, 2022, hearing. In particular, the Court observes that the flaw in Defendants' structuring of their briefing, *i.e.*, failing to cite pre-cession case law in support of their remaining arguments, persists in these motions as well. As a result, the Court again declines to consider Defendants' arguments on the economic loss rule, among others, at this juncture.

But the Court also perceives a general lack of particularized allegations of fraud in many of the responses. The Court heard oral argument on identical allegations of misrepresentations in Defendants' websites and leasing documents at the hearing. Counsel for Plaintiffs effectively conceded that those statements were mere "puffery" and not actionable in fraud, and the Court dismissed certain of the Vinales Plaintiffs' fraud claims on those grounds. The Court also expressly noted Plaintiffs' failure in general with respect to the requirement to plead fraud with specificity. *See* Dkt. No. 349 at 8-9 & n.5; Fed. R. Civ. P. 9(b).

Where the responses here rely solely on the same representations the Court has already dismissed either as puffery or for otherwise failing to identify with the requisite specificity any allegedly fraudulent statements, fraud claims for those Plaintiffs must be dismissed as well. Accordingly, the Court dismisses Count 6 (fraud) as to the Daniels, Hamilton, Hiatt, Kline, and Wolf Plaintiffs. As explained in the Court's Order, Dkt. No. 439 at 12-13, this also results in the dismissal of Count 7 (unjust enrichment), which Plaintiffs assert in the alternative and assuming fraudulent inducement of the lease contract.

Nonetheless, the Court notes that the Alexander and Pisano Plaintiffs both identify some allegedly false representations beyond those previously addressed. The Alexander Plaintiffs state that one of Defendants' agents, Melody Gallego, informed them that the house will be "ready for you" by the requested move-in date. Dkt. No. 312-8 ¶ 7. The Pisano Plaintiffs contend that another of Defendants' agents, Terry Hefford, described a prior water issue with the house requiring the installation of a sump pump, but then explained that the house was "just fine." Dkt. No. 308-8 ¶ 7. The Pisano Plaintiffs also raise a post-lease-signing statement by one of Defendants' maintenance workers, who dismissed some of the complained-about issues as "old house smells." *Id.* ¶ 8.

These arguments fail for the same reasons motivating the dismissal of the Vinales Plaintiffs' fraud claims. *See* Dkt. No. 349 at 8-12; *Wilson v. Jones*, 45 S.W.2d 572, 573-74 (Tex. Comm'n App. 1932). First, the Court again observes that Plaintiffs failed to plead any alleged misrepresentations with particularity. *See* Dkt. No. 9 ¶¶ 103-115 (Alexander), 129-49 (Pisano). Second, the few representations that are identified in Plaintiffs' declarations are indistinguishable from those raised by the Vinales Plaintiffs, *i.e.*, "grandma's house" and "no problems," which the Court has already dismissed as statements of opinion not actionable in fraud. Third, Plaintiffs

do not dispute the veracity of any of the representations—the Alexander Plaintiffs were able to move in on the requested date, and the Pisano Plaintiffs' house did previously have a sump pump installed. Nor do Plaintiffs argue that "old house smells" do not occur due to mildew and mold. And fourth, Plaintiffs do not identify any reliance on the alleged misrepresentations. The Alexander Plaintiffs were told to mark down everything that still needed work on the move-in checklist, which they did. *See* Dkt. No. 312-8 ¶ 7. As for the Pisano Plaintiffs, Defendants truthfully disclosed prior issues with the house that required the installation of a sump pump. *See* Dkt. No. 308-8 ¶ 7. And neither argue that they chose on-base housing at Randolph because of any of the representations identified here. Plaintiffs have thus failed to point to any admissible evidence on multiple elements of common-law fraud. The Court therefore dismisses Counts 6 (fraud) and 7 (unjust enrichment) as to the Alexander and Pisano Plaintiffs as well.

Finally, each of Plaintiffs' responses here likewise attach the DOJ press release as Exhibit L. *See* Dkt. Nos. 308-12, 310-12, 311-12, 312-12, 313-12, 317-12, 318-12. As explained in the Court's Order, Dkt. No. 349 at 13, the DOJ press release is irrelevant and must be struck. The Court remains unwilling, however, to strike entire declarations based on specific inconsistencies or merely because of the alleged use of cookie-cutter templates.

For the reasons stated above, and as further explained in the Court's January 4, 2023, Order, Dkt. No. 349, **IT IS ORDERED** that the seven Motions for Summary Judgment against the remaining Randolph Plaintiffs, Dkt. Nos. 252, 253, 255, 256, 258, 259, 261, are similarly **GRANTED IN PART AND DENIED IN PART**. In particular, the Court **GRANTS** summary judgment on the federal-enclave doctrine, as well as Defendants' arguments pertaining to fraudulent misrepresentation. Accordingly, the Court **DISMISSES** Counts 1, 2, 5, 6, 7, and 10, as well as claims for personal injury in Count 3, negligent misrepresentation in Count 4,

attorney's fees, and damages for mental distress from the Amended Complaint, Dkt. No. 9, as it pertains to the Alexander, Daniels, Hamilton, Hiatt, Kline, Pisano, and Wolf Plaintiffs. In all other respects, the Court **DENIES** summary judgment on the grounds raised in the motions and without prejudice to reraising at trial in a motion for judgment as a matter of law. To clarify, the claims currently remaining at issue are: Count 3 (breach of contract), Count 4 (negligence), Count 8 (intentional nuisance), Count 9 (negligent nuisance), and Count 11 (gross negligence). Plaintiffs also assert claims for exemplary damages and joint liability.

Additionally, the Motion to Strike, Dkt. No. 332, is **GRANTED IN PART AND DENIED IN PART** as to the remaining Randolph Plaintiffs for the purposes of summary judgment and without prejudice to reraising inconsistencies and evidentiary objections at trial or in a motion in limine. The Court hereby **STRIKES** as not relevant the DOJ press release attached as Exhibit L to each of the Plaintiffs' responses, Dkt. Nos. 308-12, 310-12, 311-12, 312-12, 313-12, 317-12, 318-12, but in all other respects, the requested relief is **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 18th day of January, 2023.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE