IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J DANIELS, ET AL., | § | |
| *Plaintiffs,* | § § § | |
| vs. | § § | 5-19-CV-01280-RBF |
| AETC II PRIVATIZED HOUSING, LLC, ET AL., | § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court is the status of the above-captioned case. At this juncture, six ripe motions on various matters remain pending. There are three *Daubert* motions filed by Defendants, *see* Dkt. Nos. 239, 240, 245, which seek to exclude or limit the testimony of Plaintiffs' expert witnesses. There are two motions for summary judgment: Defendants' Motion for Summary Judgment Against Konzen Plaintiffs, Dkt. No. 257; and the Motion for Summary Judgment by Hunt ELP, Ltd., Dkt. No. 254. And finally, Defendants have filed a Motion for Entry of Order on Social Media Collection, Dkt. No. 336, which alternatively requests a status hearing. The Court briefly addresses each group of motions below.

    **A.**    **The Pending *Daubert* Motions Are Denied without Prejudice.**

Plaintiffs designated Mark Eberwine, Mike Krismer, and Kristy Beck-Miller as expert witnesses to provide testimony on mold damage and other housing conditions. *See* Dkt. Nos. 175, 213. The Court already granted, due to procedural deficiencies, Defendants' motion to strike Krismer as a rebuttal expert. *See* Dkt. Nos. 219, 288. Defendants presently attack the proposed testimony of all three expert witnesses as unreliable. *See* Dkt. Nos. 239, 240, 245. But as Plaintiffs point out in their responses, Defendants do not actually take issue with the proposed

experts' qualifications or overall methodologies. *See* Dkt. Nos. 246, 247, 264. Instead, in each instance, Defendants primarily argue that each expert cannot reliably testify as to *all* of Plaintiffs' residences because each expert only observed and tested *some* of the homes. In so arguing, however, Defendants concede that each expert *should* be able to testify as to the homes they did test. Defendants also object to specific opinions contained in the expert reports that Defendants believe are unrelated to the claims asserted or contradict other industry standards. Such arguments to exclude or undercut specific evidence or testimony as it pertains to specific Plaintiffs are better raised in a motion in limine or during cross-examination at trial. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 594-95 (1993) (reasoning that a court's Rule 702 inquiry is "flexible" and must focus "solely on principles and methodology, not on the conclusions that they generate").

Accordingly, **IT IS ORDERED** that the three pending *Daubert* motions, Dkt. Nos. 239, 240, 245, are **DENIED** without prejudice to reraising at an appropriate time via motion in limine or at trial.

> **B.      The Court Provides Guidance on the Pending Summary Judgment Motions but Ultimately Must Set Those Motions Aside for Now.**

In the first pending motion, Defendants effectively move for summary judgment on all claims raised by the Konzen Plaintiffs. *See* Dkt. No. 257. The Court previously resolved many of these issues by granting in part Defendants' motions for summary judgment against all Plaintiffs who resided in military housing at Randolph Air Force Base. *See* Dkt. Nos. 349, 350. For those Plaintiffs, the federal-enclave doctrine barred many of their claims. However, the Konzen Plaintiffs resided at Laughlin Air Force Base, and Defendants have not asserted the federal-enclave doctrine as a defense against them. The Court will therefore need to address the merits of

Defendants' arguments on the economic loss rule, among other defenses, which may result in different claims proceeding to trial.

Nonetheless, many similarities between the motions remain. For example, the fraud claims asserted by the Konzen Plaintiffs are largely indistinguishable from those asserted by the other Plaintiffs, which the Court has already dismissed. The Court also notes that most of Defendants' remaining arguments against the Konzen Plaintiffs were already discussed in detail at the November 17, 2022, hearing. Indeed, the Court also intended to hear argument on this motion at the hearing but simply ran out of time. The Court thus does not believe an additional hearing should be necessary to resolve this motion. But the Court is also of the opinion that resolution of this motion is unnecessary to move forward on the live claims of Plaintiffs who resided at Randolph.

In the second pending motion, Defendant Hunt moves for summary judgment on all claims asserted against it. *See* Dkt. No. 254. Hunt argues that it is merely a parent corporation and was not involved in, and thus bears no liability for, the day-to-day management of military housing at Randolph or Laughlin. The Court recalls the parties at prior hearings indicating Hunt's liability as being derivative at most, and that this motion might be best to set aside and address later, as it may only be relevant if liability is established on the part of the other Defendants, who are second- or third-tier subsidiaries.

For those reasons, **IT IS ORDERED** that the two remaining motions for summary judgment, Dkt. Nos. 254, 257, are hereby **STAYED** and **SET ASIDE**. Unless specifically requested, the Court will not take up either motion until after trial on the claims of at least one of the families of Plaintiffs who resided at Randolph.

**IT IS FURTHER ORDERED** that the parties shall meaningfully confer as to whether the Court should sever the Konzen Plaintiffs from this case and proceed with their claims separately. The parties should also confer as to how a trial for Plaintiffs previously residing at Randolph should be structured, including whether trial should proceed as to all Randolph Plaintiffs simultaneously or whether separate trials will be necessary. If the latter is advisable, the parties should advise which family or families should proceed to trial first. The parties should be prepared to discuss these matters at the next status hearing.

### 3. The Pending Discovery Motion Is Set for a Hearing.

Lastly, Defendants request the Court's guidance on a proposed order pertaining to discovery on Plaintiffs' social-media posts. *See* Dkt. No. 336. The Court previously granted in part Defendants' Motion to Compel Electronic Discovery, Dkt. No. 224, and ordered the parties to confer and provide a proposed order outlining the scope and format for this remaining discovery. *See* Dkt. No. 288. The parties apparently conferred but were unable to reach agreement on several terms of the proposed order. *See* Dkt. Nos. 336, 338, 339. In the alternative, Defendants request, and Plaintiffs do not object to, a status hearing wherein the parties can discuss, and the Court can resolve, the few remaining disputes. The Court agrees that a status hearing is in order.

**IT IS ORDERED** that this case is set for a status hearing on **February 1, 2023, at 10:30 a.m.** All parties are required to appear by Zoom for the hearing. The information to join the hearing is as follows:

**Join ZoomGov Meeting:** https://txwd-uscourts.zoomgov.com/j/1600078256

**Meeting ID:** 160 007 8256

The parties must check in, no later than 5 minutes before the start of the hearing, with the Courtroom Deputy, Ms. Amy Jackson.

The parties should be prepared to discuss at the hearing the motion as well as their efforts to resolve the discovery dispute that gave rise to it. The parties should also be prepared to discuss at the hearing the other matters addressed in this Order.

*\*\*The parties are advised and hereby placed on notice that the Court may award expenses against any party that is uncooperative in discovery. See Fed. R. Civ. P. 37(a)(5).\*\**

**IT IS SO ORDERED**.

SIGNED this 18th day of January, 2023.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE