IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL J. DANIELS, ET AL. § | |
| § | |
| PLAINTIFS, § | |
| § | |
| V. § | No. SA-19-CV-01280-RBF |
| § | |
| AETC II PRIVATIZED HOUSING, LLC, ET AL. § | |
| § | |
| DEFENDANTS § | |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**

In opposing Defendants' motion [352] for leave to file a supplemental brief on the remaining issues in this case, Plaintiffs' response [354] makes four objections or requests, none of which is a sound basis for denying the motion. This Court should therefore grant the motion, allow the filing of the supplemental brief, and set a schedule for responses and replies.

First, Plaintiffs complain that "the supplemental briefing reframes dispositive motions well after the scheduling order, effectively requiring Plaintiffs to respond without an adequate time table." [354, at 1]. However, the motion expressly requests "a briefing schedule that allows Plaintiffs to respond to the Supplemental Brief and allows Defendants to reply to any such response." [352, at 2]. Defendants have no doubt that any briefing schedule this Court sets will be more than "adequate" and satisfy any legitimate concerns regarding Plaintiffs' opportunity to respond. Plaintiffs further request briefing "without delay of the trial settings," and Defendants could not agree more. These issues can be briefed, argued, and resolved without any delay to upcoming trial settings. That is precisely why Defendants filed this motion now.

Second, Plaintiffs argue that "[t]he magnitude of determining, assessing, and briefing the eight pending summary judgment motions under pre-1952 Texas law, as if it were static as of that

time, is a monumental task and is beyond the scope of the Court's order." [354, at 1]. Respectfully, filing one response on the handful of issues presented in the supplemental brief is not "monumental" and is well within the capabilities of counsel opposite. Moreover, the Court has clearly ruled that pre-cession law applies, and both parties are well served by understanding the full scope of that law now, in advance of trial."... Plaintiffs' claims are governed by federal law and non-conflicting, pre-cession Texas law." [349, at 7].

Third, Plaintiffs claim that "such a task is prejudicial on the eve of cases proceeding to trial, having been pending since 2019." On the contrary: such a task is *essential* for any case proceeding to trial, and, in Defendants' view, actually *prepares* the parties for trial. How, for instance, can a jury be instructed as to the applicable law if no one has briefed the Court as to what that law in fact is? Likewise, if pre-cession law limits certain claims or parties, that will significantly affect what evidence will be relevant and thus how the parties should prepare their cases for trial. Judicial efficiency will be greatly aided by the parties' briefing the Court *now* about applicable Texas law dating from 1952 and prior, rather than leaving potentially complex or contentious issues to be argued for the first time at pretrial conference or even during trial itself. *Cf. Mathworks, Inc. v. Comsol AB*, 2008 WL 5544933, at *3 (E.D. Tex. Oct. 7, 2008) (party should have briefed choice-of-law issue before pretrial conference).

Lastly, Plaintiffs ask that, "[i]f required to respond to the supplemental briefing at this late stage of the proceeding," they be given "adequate time to research and brief the issues without delay of the trial settings." [354, at 1]. Defendants agree, as their request for relief already shows. The prompt grant of Defendants' motion will work to Plaintiffs' advantage, as well as proving informative to this Court.

Respectfully submitted, this the 6th day of February 2023.

/s/ *Walter H. Boone*
Walter H. Boone, MS Bar No. 8651
(*admitted to W.D. of Tex. on 7/28/2020*)
Jennifer J. Skipper, State Bar No. 24076171
Balch & Bingham LLP
188 East Capitol Street, Suite 1400
Jackson, Mississippi 39201-2133
Telephone:  601-965-8182
Facsimile:  866-501-9984
E-Mail: jskipper@balch.com
          wboone@balch.com

Julia W. Mann, State Bar No. 00791171
Erica Benites Giese, State Bar No. 24036212
JACKSON WALKER LLP
112 East Pecan Street, Suite 2400
San Antonio, Texas 782015
Telephone: 210-978-7761
Facsimile: 210-242-4646
E-Mail: jmann@jw.com
          egiese@jw.com
***Attorneys for Defendants***

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of February 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Randall A. Pulman, Esq.
    Ryan C. Reed, Esq.
    Matthew J. McGowan, Esq.
    Sarah Jackson, Donahue, Esq.
    PULMAN, CAPPUCIO, & PULLEN, LLP
    2161 NW Military Highway, Suite 400
    (210) 222-9494 Telephone
    (210) 892-1610 Facsimile
    E-Mail: rpulman@pulmanlaw.com
     rreed@pulmanlaw.com
     mmcgowan@pulmanlaw.com
     sdonahue@pulmanlaw.com

    James R. Moriarty, Esq.
    LAW OFFICES OF JAMES R. MORIARTY
    4119 Montrose, Suite 250
    (713) 528-0700 Telephone
    (713) 528-1390 Facsimile
    E-Mail: jim@moriarty.com

    Francisco Guerra, IV
    Jennifer Arlene Neal
    Robert E. Brzezinksi
    WATTS GUERRA, LLP
    Four Dominion Drive, Bldg. 3, Suite 100
    San Antonio, TX 78257
    (210) 477-0500
    E-Mail: fguerra@wattsguerra.com
     jneal@wattsguerra.com
     rbrzezinski@wattsguerra.com

                      /s/ *Walter H. Boone*
                      Walter H. Boone, MS Bar No. 8651
                      (*admitted to W.D. of Tex. on 7/28/2020*)