IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J DANIELS, ET AL., | § § § | |
| *Plaintiffs,* | § § | 5-19-CV-01280-RBF |
| vs. | § § § | |
| AETC II PRIVATIZED HOUSING, LLC, ET AL., | § § § § | |
| *Defendants.* | § | |

**ORDER ON SOCIAL MEDIA COLLECTION**

Pursuant to the Court's Order dated July 20, 2022, Dkt. No. 288, and the submissions and arguments of the parties, *see* Dkt. Nos. 336, 338, 339, the Court enters the following Order on Social Media Collection:

1. Defendants' retention of SMI Aware as the third-party vendor to conduct certain social media collection is hereby approved. As previously ordered, because Plaintiffs had no input in the selection of the vendor, Defendants shall bear the sole cost of SMI Aware.

2. SMI Aware in the normal course of its business requires the execution of a Standard Consent Form, attached to Defendants' Motion for Status Conference as Exhibit B. *See* Dkt. No. 336-2. The Court finds that this Standard Consent Form is reasonable and necessary.

3. The Plaintiffs whose social media will be collected are: Allison Alexander, Barbara High-Daniels, Leilani Hamilton, Sarah Kline, Becky Vinales, Megan Konzen, and Kassandra Wolf (collectively "Plaintiffs"). Plaintiffs' counsel has confirmed and represented that they already have in their possession downloads of Facebook messages from Allison Alexander, Barbara High-Daniels, Leilani Hamilton, and Sarah Kline.

    Plaintiffs' counsel has represented that they have no other social media from these Plaintiffs in their possession.

4. Within ten (10) days from entry of this Order, each of the Plaintiffs above should execute and return to Defendants the Standard Consent Form. Should any Plaintiff refuse to execute the Standard Consent Form, Plaintiffs' counsel shall immediately inform Defendants' counsel. Plaintiffs' counsel shall then proceed to manually download the relevant data from such Plaintiff's Authorized Social Media Accounts, in the manner described in Paragraph 9 of this Order. Plaintiffs' counsel shall finally review and produce the relevant data in accordance with Paragraphs 11 and 12 of this Order. Plaintiffs shall bear any added costs associated with refusal to execute the Standard Consent Form.

5. Because Megan Konzen testified that she had a prior Facebook profile where she posted and messaged about housing issues, Megan Konzen is ordered to reactivate that profile and provide login credentials for the profile to SMI Aware, also within ten (10) days from entry of this Order. If she declines to execute the Standard Consent Form, then the provisions of Paragraph 4 shall apply.

6. Certain Plaintiffs were administrators of certain housing-related Facebook groups which have since been deactivated. Each Plaintiff who was an administrator of a housing-related Facebook group is ordered to reactivate the group for purposes of this search and can deactivate the Group after the search is completed.

7. As set forth in greater detail below, SMI Aware is authorized to access each of the housing-related Facebook groups identified by Plaintiffs in discovery and synthesized in appendices attached to Defendants' Motion to Compel Electronic Discovery

("Authorized Social Media Accounts"). Dkt. No. 224. An appendix of those group pages is attached to this Order as Exhibit A.

8. The parties have agreed, and the Court finds it reasonable, that the relevant time periods for the searches and production under this Order shall be from the first day of the month one month prior to their moving into Randolph Family Housing until present ("Relevant Time Period").

9. Following execution of the Standard Consent Form, SMI Aware is authorized to download in the manner it deems reasonable the following from the Authorized Social Media Accounts for the Relevant Time Period:

   a. the Facebook profile of all Plaintiffs;
   b. any comments or posts by Plaintiffs in the housing-related Facebook groups by searching the Facebook username for the Plaintiffs;
   c. Facebook messages for those Plaintiffs not already in Plaintiffs' counsel's possession: Becky Vinales, Megan Konzen, and Kassandra Wolf.

10. Plaintiffs shall have the option to review the documents downloaded by SMI Aware and shall notify Defendants within ten (10) days of entry of this Order of their election to exercise this option.

11. In the event that Plaintiffs choose to review documents subject to this Order, Plaintiffs shall follow this process:

   a. All documents downloaded by SMI Aware from the Authorized Social Media Accounts shall be produced to Plaintiffs' counsel only, and there shall be no disclosure to Defendants or Defendants' counsel of these initial downloads.

    b. Within forty-five (45) days of production of the social-media content by SMI Aware to Plaintiffs' counsel, Plaintiffs shall produce all relevant, non-privileged documents from the Authorized Social Media Accounts to Defendants.

    c. Plaintiffs shall conduct the review in the manner in which they see fit and such that any review complies with their obligations under the Federal Rules and discovery propounded in this case. If Plaintiffs utilize search terms in their review, the parties shall follow the terms of the ESI Protocol for any issues regarding the disclosure and use of search terms.

    d. For all documents withheld from production or parts redacted, Plaintiffs shall prepare and serve on Defendants a log for each Plaintiff which includes: (1) Plaintiff's name; (2) date of entry, post, or message that is being redacted/withheld; (3) summary/description of the entry, post, or message being redacted/withheld; (4) and basis for the entry, post, or message being redacted/withheld with sufficient detail provided in this description to allow for meaningful review of the propriety of redaction or withholding.

12. If Plaintiffs choose not to undertake the review of the social media documents, the documents shall be produced by SMI Aware directly to Defendants' counsel. Defendants' counsel will mark and produce them to Plaintiffs under the ESI Protocol. In the event of any disclosure of privileged documents or information pursuant to this process, Plaintiffs may exercise their rights to claw back any inadvertently produced privileged documents under the Rules, the ESI Protocol, and the Confidentiality and Protective Order in this case. *See* Dkt. No. 36.

13. All documents downloaded by SMI Aware from the Authorized Social Media Accounts shall be deemed "Confidential" under the terms of the Protective Order entered in this

case, *see* Dkt. No. 36, and SMI Aware shall be bound by the terms of that Protective Order.

14. If there are any disputes regarding the nature or scope of the production, the log, or the application of this Order, the parties are ordered to meaningfully confer.

15. In the event the parties have disputes related to this Order that they cannot resolve, the parties may request a status conference, and the Court will take up any disputes as to remaining issues without the need for formal motions and responses if at all possible. Any party requesting formal briefing may note such request with the Court at any appropriate juncture. At the request of any party, the Court is open to conducting such a conference by Zoom to avoid added burden and expense to the parties, provided the parties make such a request timely by motion if the Court does not *sua sponte* direct that proceedings be conducted by Zoom.

**IT IS SO ORDERED**.

SIGNED this 22nd day of February, 2023.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

Air Force amn/nco/scnco

Air Force amn/nco/snco group

Armed Forces Housing Advocates

Break the Mold

Break the Mold, No Rule-San Antonio Military/Spouses

Concerned Military Members and Families MCBH

Fort Sam Houston Military Wives

Fort Sam Houston Spouses

Healing Mold, Lyme, CIRS, MCS and Biotoxin Illness Support

Home Sweet Home at Randolph

HWP Military Housing

JBLM-Military Housing Advocacy Network

JBSA Randolph Community Spouses

JBSA-Randolph Military Community

Joint Base San Antonio-HOH Military Spouse

Lackland Air Force Base Wives and Husbands

Laughlin Ladies

Lead Hazards-Mold-Asbestos in Military Housing

Lead/Mold/Asbestos/Other Hazards in Military Housing

Little Rock AFB Military Housing Advocacy

Little Rock Air Force Base Military Spouses

Military Families Monitoring The RECP and Housing Issues

Military Housing Advocacy

Military Housing Advocacy Group

Military Housing Advocacy Network

Military Housing Crisis – It's a Military Matter

Military Mold Advisory Counsel Group

Mold Recovery for Families with Kids

No RULE-San Antonio Military/Spouses

No Rules San Antonio Military Spouses

Randolph AFB Housing Advocacy Group **managed by Ms. Hamilton**

Randolph Air Force Base Housing Advocacy

Randolph AFB Housing Rants

Randolph Community

Randolph Community Housing

Randolph Communities Group

Randolph Spouses' Club

Safe Military Housing Initiative

Safe Military Housing Initiative, 501c3

San Antonio Military Moms

San Antonio Military Spouses

San Antonio Military Spouses Network

Surviving Toxic Mold

Toxic Mold, CIRCS and Lyme Disease Support Group

Toxic Mold, Lyme, CIRS and Biotoxin Illness-A Mission to Take Back Our lives

Toxic Mold Support Group

Toxic Mold – Rediscovery Health and Wellness