IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL J. DANIELS, et al. § | |
| *Plaintiffs* § | |
| § | |
| v. § | Cause No. SA-19-CA-01280-RBF |
| § | |
| AETC II PRIVATIZED HOUSING, LLC, ET AL. § | |
| *Defendants* § | |

**PLAINTIFFS' BRIEF OPPOSING SEPARATE TRIALS**

Plaintiffs file this Brief Opposing Separate Trials ("Brief") in response to the Court's Text Order dated February 9, 2023 ("Order"), which invites briefing on the issue of separate trials. To be clear, Defendants have not moved for separate trials and no pre-existing pleading or order attempts to explain why separate trials would be necessary or appropriate under the Federal Rules of Civil Procedure. For the reasons set forth herein, Plaintiffs request that the jury trial set for June 5, 2023, be a trial of all claims asserted by all Plaintiffs against all Defendants in the above-captioned case, and respectfully show the Court as follows:

I. LEGAL STANDARD

1. Rule 42(b) of the Federal Rules of Civil Procedure allows the Court to order a separate trial of "one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" to facilitate "convenience, to avoid prejudice, or to expedite and economize." *See* Fed. R. Civ. P. 42(b).

2. "The distinction between severance and separate trials is important because a 'judgment in a severed action is final, enforceable and appealable when it disposes of all parties and issues', but an 'order entered at the conclusion of a separate trial' may not be because it is

'often interlocutory'". *Corvello v. New England Gas Co., Inc.*, 247 F.R.D. 282, 285 (D.R.I. 2008) (citing *Acevedo–Garcia v. Monroig*, 351 F.3d 547, 559 (1st Cir.2003)).

3.  For a court to grant a separate trial of issues, the issue to be tried must be so distinct and separate from others that trial of it alone may be had without injustice; this limitation on use of bifurcation recognizes that inherent in the Seventh Amendment right to a jury trial is the general right of a litigant to have only one jury pass on a common issue of fact. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993).

4.  "In determining whether to sever party or claim, court must consider (1) whether issues sought to be tried separately are significantly different from one another, (2) whether separable issues require testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted." *Cashman v. Montefiore Medical Center*, 191 B.R. 558, 560-561 (S.D.N.Y. 1996).

II. APPLICATION

5.  This case involves eight families at Randolph Air Force Base ("RAFB") and one family at Laughlin Air Force Base ("LAFB") who leased houses managed by the Defendants. All nine families are suing the same Defendants and asserting the same legal claims based on very similar facts. Despite these commonalities, the Court's ruling regarding the federal enclave doctrine creates a situation where the LAFB plaintiffs' claims will be based on present-day law, whereas the RAFB plaintiffs will have similar claims (except for the statutory claims) that will be colored by 1950's law. Nevertheless, the factual basis for each family's claim stems from Defendants' failure to properly maintain the leased properties. All Plaintiffs dealt with nearly the same individuals employed by Defendants, in particular, Angela Unterbrink, Michael Knight, and

Nick Miglieri. The Defendants' corporate representatives will be the same for all Plaintiffs. Further underscoring the commonality of the issues and type of proof, the Defendants have made an issue of Plaintiffs' social media postings (even though that did not exist in the 1950s, which is the law the jury will be charged with for the RAFB Plaintiffs); accordingly, if Plaintiffs' social media posts concerning the condition of their homes is to be a component of proof herein, the commonality of the issues experienced and discussed by the Plaintiffs in their posts further demonstrates the issue similarity inherent in these cases.

6.  Thus, the question becomes, does the court order separate trials of one or more of the family's claims "for convenience", "to avoid prejudice", or to "expedite and economize"? For the reasons discussed *infra*, Plaintiffs respectfully argue that the answer to such questions is "no".

A. <u>Convenience</u>

7.  There is no meaningful convenience in trying one family's claims separately, other than the length of time of the trial. However, while a one-family trial may be shorter, nine separate one-family trials will collectively be much longer than one nine-family trial.

8.  The jury charge may be shorter, but nine different juries will not only need to be selected but will also be asked the same questions.

9.  As for witnesses, it will not be convenient for the same witnesses – lay and expert – to have to appear for nine different trials. In fact, it is anticipated that multiple Plaintiffs will be called as witnesses in the case of multiple other Plaintiffs, exacerbated further by the injection of social media into the case, and it will not be convenient for those Plaintiffs to have to come to San Antonio to testify in multiple different trials, as opposed to one. Let us not forget that these are military families who, at the direction of the military, move throughout the country on a routine basis.

10. At bottom, separate trials leads to no meaningful convenience, but instead ultimately burden the court, counsel, and parties when consideration is given to the fact that essentially the same trial will occur nine different times involving similar, if not the same, witnesses.

B. *Avoid Prejudice*

11. From Plaintiffs' perspective, multiple separate trials will create prejudice, as opposed to avoiding it. Various Plaintiffs will experience delay as a result of separate trials. Plaintiffs will be prejudiced by the increased cost of securing the attendance of the same witnesses and experts to testify regarding virtually the same factual matters. Defendants' lay witnesses will benefit from similar examination repeated time after time. Key witnesses could become unavailable. And, upon entry of a judgment, each Plaintiff will have to sever their judgment in order for it to become final, which could force the Plaintiff's lawyers to have to contend with one or more appeals while continuing to try the cases of other Plaintiffs.

12. Separate trials will also not avoid prejudice to Defendants. Defendants may argue that the different applicable law at RAFB and LAFB could confuse a jury; however, that can be cured with a clear jury charge. Defendants will argue that it is prejudicial for a jury to hear about their failures nine times over and that there is a risk the jury will impute conduct related to one family onto another family. However, if this is considered prejudice, it is resolved by a jury charge that requires specific findings as to each family, which will of course be offered by Plaintiffs. Further, given that Defendants' trade name is "Hunt Military *Communities*," it is not prejudicial for the trial to involve multiple members of the same community. Moreover, given Defendants' insistence on collecting and using social media, which by its very nature concerns communications amongst multiple Plaintiffs, the stories shared by the Plaintiffs on social media by one family will

implicate the testimony of others. In short, Defendants' trial and evidentiary strategy actually invites the potential for any prejudice caused by a jury hearing the stories of multiple Plaintiffs at the same time.

13. In sum, separate trials will cause prejudice as opposed to avoiding any prejudice.

C. *Expedite and Economize*

14. As noted in paragraphs 7-10, separate trials will not expedite any final resolution, nor will it economize the case. The overall length of time to try nine separate cases—with nine pretrial hearings, nine jury selections, nine opening statements, nine examinations of repeat witnesses, nine considerations of inter-trial dispositive motions, nine closing arguments, nine charge conferences, and nine jury deliberations--will vastly exceed the time to try one case involving nine families. Also, given the need for severance and simultaneous appeals, separate trials do not expedite the case.

15. Moreover, separate trials do not lead to any economies. The same witnesses – lay and expert – will have to travel to San Antonio to testify in multiple different trials, unless this case is tried with all nine families at one time. Attorneys' fees to prepare for and try nine separate trials will vastly exceed the amount to try one case. The bottom line is that there is no cost savings or economizing realized from separate trials. *See e.g. Gonzalez v. Batmasian*, 320 F.R.D. 580 (S.D. Fla.2017) (holding that neither severance nor separate trial of two employees' FLSA claims seeking unpaid overtime from their putative employers was warranted; both employees' claims arose from their employment with putative employers, who allegedly failed to pay them overtime, yet insisted they work more than 40 hours per week, their claims shared a logical relationship and common questions of law and fact, including whether putative employers were an "employer" under the FLSA. Efficiency favored a single trial as employees intended to call many of the same

witnesses, and the jury would be able to distinguish between the employee who did not clock in and clock out and the employee who did).

16.    In sum, none of the factors justifying separate trials are present in this case and the cases should be tried together on June 5, 2023.

### III. TRIAL PATHS

17.    For the reasons set forth herein, Plaintiffs request one trial of all claims asserted by the nine plaintiff families.

18.    If, notwithstanding the arguments set forth herein, the Court determines that the different law at RAFB and LAFB require separate trials, Plaintiffs request a trial of all the RAFB plaintiffs on June 5, 2023, followed by a trial of the LAFB plaintiffs.

19.    Finally, if the Court's ruling is simply based on the number of plaintiffs in a trial, Plaintiffs request that the Court have its first trial involving 2 RAFB families and the LAFB family, followed by a trial involving 3 RAFB families, followed by a trial involving the remaining 3 RAFB families.

### **PRAYER**

WHEREFORE, Plaintiffs respectfully request that the Court decline to order separate trials, grant Plaintiffs such other and further relief, at law or in equity, as the Court deems to be just, proper, and equitable.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**

By: */s/ Ryan C. Reed*
    Ryan C. Reed
    Texas State Bar No. 24065957
    rreed@pulmanlaw.com
    Randall A. Pulman

> Texas State Bar No. 16393250
> rpulman@pulmanlaw.com
> 2161 NW Military Highway, Suite 400
> San Antonio, Texas 78213
> (210) 222-9494 Telephone
> (210) 892-1610 Facsimile
>
> **WATTS GUERRA LLP**
> Mikal C. Watts
> Texas State Bar No. 20981820
> mcwatts@wattsguerra.com
> Francisco Guerra, IV
> Texas State Bar No. 00796684
> fguerra@wattsguerra.com
> Robert Brzezinski
> Texas State Bar No. 00783746
> rbrzezinski@wattsguerra.com
> Jennifer Neal
> Texas State Bar No. 24089834
> jneal@wattsguerra.com
> 4 Dominion Drive
> Bldg. 3, Suite 100
> San Antonio, Texas 78257
> (210) 447-0500 Telephone
> (210) 447-0501 Facsimile
>
> **LAW OFFICES OF JAMES R. MORIARTY**
> James. R. Moriarty
> Texas State Bar No. 14459000
> jim@moriarty.com
> 4119 Montrose, Suite 250
> Houston, Texas 77006
> (713) 528-0700 Telephone
> (713) 528-1390 Facsimile
>
> *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of March 2023, a true and correct copy of the foregoing document was filed with the Court's ECF system and was served via electronic mail on counsel for Defendants.

> */s/ Ryan C. Reed*
> Ryan C. Reed