IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL J. DANIELS, et al.<br>   *Plaintiffs*<br><br>v.<br><br>AETC II PRIVATIZED HOUSING, LLC, ET AL.<br>   *Defendants* | §<br>§<br>§<br>§   Cause No. SA-19-CA-01280-RBF<br>§<br>§<br>§ |

**PLAINTIFFS' REPLY TO DEFENDANTS' SUBMISSION ON SEPARATE TRIALS**

Plaintiffs file this Reply to Defendants' Submission on Separate Trials [Dkt. 363], and respectfully show the Court as follows:

I. SIMILARITY OF THE CASES AND NECESSITY OF SAME PROOF

1. Plaintiffs filed their cases together, which have been pending together since late 2019. Nearly three-and-a-half years into the case and just three months before trial, Defendants filed their submission on separate trials at the Court's invitation, having never filed their own affirmative motion for separate trials.

2. Defendants' Submission attempts to paint each of plaintiff's cases as vastly different, ignoring the fundamental similarities: the same legal claims, the same core witnesses, and, most importantly, the same knowing and intentional conduct by the Defendants. Defendants' submission focuses on a singular issue pulled from one clause in the lease: "whether or not diligent efforts at repair were made". But by cherry-picking a singular issue and building their briefing around it, they ignore causes of action, such as gross negligence[1] and intentional nuisance[2], which

---

[1] Gross negligence requires proof that the actor had "subjective awareness of the risk involved, but nevertheless proceed[s] in conscious indifference to the rights, safety, or welfare of others." *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W. 3d 778, 785 (Tex. 2001).

[2] Intentional nuisance requires proof that the defendant "intentionally caused the interference that constitutes the nuisance." *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 605 (Tex. 2016).

require proof of Defendants' knowledge and intent.  The Defendants' knowledge and intent are best proven by their consistent and inadequate actions in response to the same or similar circumstances, proven by the testimony of the other plaintiffs who suffered from Defendants' conduct.  Hence, even if tried separately, one plaintiff family will necessarily have to call many other plaintiff families to testify in order to meet their burden, an issue that will persist in every trial.  Because the evidence is necessary for each case, Defendants cannot claim that there is a risk of prejudice by trying the cases together.  In fact, to try the cases separately prejudices Plaintiffs by dramatically increasing the costs and length of time it will take to try nine cases.

## II. NO PREJUDICE TO DEFENDANT

3. Defendants spend pages of their Submission reciting from approximately ten non-binding district court rulings, some of which address Rule 42 and some of which do not.  The vast majority of the cases at issue are employment or Title VII claims which are distinguishable from the present case.

4. For example, in *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 790 (N.D. Ga. 1994), a case involving 11 storage managers from multiple different stores across different states who sued for age discrimination, the plaintiffs argued that they would be prejudiced by having to prove liability for each of the plaintiffs.  In this case, the Plaintiffs make no such argument and stand ready to prove the defendants liable to every plaintiff.  Moreover, the court seized on the fact that there were eleven factual situations with different sets of witnesses, and that the plaintiffs' claims arose under the laws of four different states.  In this case, Texas law governs all of the claims, albeit the Konzen family has additional claims that the other families do not have in light of the Court's ruling on enclave.  And while there are nine different factual situations, they all involve very similar facts relating to the response of the Defendants and they all involve similar witnesses

– the management team of the Defendants.  Despite their claim of numerous maintenance personnel witnesses and numerous contractor witnesses, Defendants have not identified a single maintenance personnel or contractor they plan to call at trial.  The reality is, in the present case, there are nine remarkably similar stories involving the Defendants' failure to maintain properties and the core witnesses who are anticipated to be called to testify are the plaintiffs and a handful of the Defendants' corporate representatives.

5. The unreported case of *Ulysse v. Waste Mgmt. Inc.*, No. 11-CV-80723, 2013 WL 11327137, at *1 (S.D. Fla. Sept. 13, 2013) involved seventy-nine Haitian plaintiffs in a Title VII case, and in that case the trial judge determined it would be difficult for a jury to keep the facts straight.  That scenario is incredibly different from the present case involving nine families who lived nearby in housing administered by the same Defendants.  Unlike in *Ulysse*, in the present case a jury would be easily able to understand and separate the issues encountered by each plaintiff family and each house.

6. In the case of *Henderson v. AT & T Corp.*, 918 F. Supp. 1059, 1063 (S.D. Tex. 1996), an employment case involving multiple plaintiffs in five cities across several states, the trial judge determined that the sheer number of witnesses may cause prejudice to the defendant.  In this case, Defendants have failed to identify a "sheer" number of witnesses, let alone specify the witnesses they anticipate who will be called.  Truth be told, virtually none of the employees who worked for Defendants at the time Plaintiffs lived in the house remain employed by the Defendants, and most are out of subpoena range.  There is simply no sheer number of witnesses at issue in this case.

7. In the case of *Tex. Farmers Ins. Co. v. Louisiana-Pac. Corp.*, 321 F.R.D. 561, 564 (E.D. Tex. 2017), the trial judge determined that separate trials were necessary because "each

claim will likewise involve the individual homeowner, vendors that conducted repairs to each home, investigators who examined each individual home, and other witnesses with knowledge unique to only one of the claims. While at first blush this case may present as similar, the fact of the matter is that in the *Tex. Farmers Ins. Co.* case, the homes were owned by separate individual owners in different locations. In the present case, there are not different owners; instead, the Defendants and their agents and contractors were in charge of the management and maintenance of all houses at issue. Thus, unlike in *Tex. Farmers Ins. Co.*, there will not be a large number of witnesses unique to the separate houses.

8. After reciting language from multiple cases about prejudice, Defendants struggle to clearly articulate the prejudice they think they will suffer if the cases are tried together. They suggest that each Plaintiff family will have different evidence, which is of course true, but they do not show that presentation of different evidence prejudices them. They discuss the need for different witnesses, including experts, but they do not identify the different "personnel" who will be called to testify, or how the testimony of different witnesses and experts would prejudice them. Defendants conclude that different conditions in different houses will cause prejudice without articulating how the existence of different issues in different houses prejudices them, or why the evidence would be irrelevant in a separate case. Of course, the evidence of the problems in the is nine different houses is relevant because is demonstrates the Defendants' knowledge and intention related to the management and maintenance of the houses, as well as knowledge of the problems that arise from a failure to maintain the houses.

9. Failing to truly articulate any prejudice Defendants, Defendants then insult jurors from the Western District of Texas by suggesting, in conclusory fashion, that there is no way the jurors will be able to remember or separate facts about the different families. This assertion,

however, is undercut by the Defendants' fancy chart, which proves that the Defendants, much like a Texas juror, are more than capable of compartmentalizing information and keeping it straight. And the jury's task will be made simpler, and prejudice eliminated, by jury questions for each Plaintiff family with proper limiting instructions.

### III. THE TRIAL

10. As previously articulated, Defendants have failed to demonstrate any true prejudice to them by trying the cases together. More important, however, is the fact that the testimony of each family is relevant and necessary to prove the knowledge and intent requirements for all of the pending causes of action, demonstrating that even if there was some prejudice, which there is not, it is more prejudicial to Plaintiffs to require them to try each case separately, calling the same witnesses from all over the country back to San Antonio time and time again to present the same testimony. Such a burden would dramatically increase the expense of trial, the length of time it will take to try any particular case, and the length of time to get to a final judgment.

11. Plaintiffs stand ready to try this case together in the time period provided by the Court in the most efficient manner possible, and believe it can be done given the economies of trying all of the cases at the same time. Alternatively, Plaintiffs believe a trial of three or four of the families is appropriate.

### PRAYER

WHEREFORE, Plaintiffs respectfully request that the Court decline to order separate trials, grant Plaintiffs such other and further relief, at law or in equity, as the Court deems to be just, proper, and equitable.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**

By: */s/ Ryan C. Reed*
Ryan C. Reed
Texas State Bar No. 24065957
rreed@pulmanlaw.com
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**WATTS GUERRA LLP**
Mikal C. Watts
Texas State Bar No. 20981820
mcwatts@wattsguerra.com
Francisco Guerra, IV
Texas State Bar No. 00796684
fguerra@wattsguerra.com
Robert Brzezinski
Texas State Bar No. 00783746
rbrzezinski@wattsguerra.com
Jennifer Neal
Texas State Bar No. 24089834
jneal@wattsguerra.com
4 Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas 78257
(210) 447-0500 Telephone
(210) 447-0501 Facsimile

**LAW OFFICES OF JAMES R. MORIARTY**
James. R. Moriarty
Texas State Bar No. 14459000
jim@moriarty.com
4119 Montrose, Suite 250
Houston, Texas 77006
(713) 528-0700 Telephone
(713) 528-1390 Facsimile

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

– 6 –

I hereby certify that on this the 17th day of March 2023, a true and correct copy of the foregoing document was filed with the Court's ECF system and was served via electronic mail on counsel for Defendants.

<i>/s/ Ryan C. Reed</i><br>
Ryan C. Reed