**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MICHAEL J. DANIELS, ET AL. | § | |
|     PLAINTIFFS, | § | |
| | § | |
| V. | § | CASE NO. SA-19-CV-01280-FB |
| | § | |
| AETC II PRIVATIZED HOUSING, LLC, ET AL. | § | |
|     DEFENDANTS | § | |

---

**PLAINTIFFS SHANE CHRISTIAN VINALES, INDIVIDUALLY, AND ON BEHALF OF L.M.V. AND S.V., MINORS, AND BECKY ANN VINALES' MOTION IN LIMINE**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, SHANE CHRISTIAN VINALES, INDIVIDUALLY, AND ON BEHALF OF L.M.V. AND S.V., MINORS, AND BECKY ANN VINALES ("Vinaleses"), and hereby file their Motion in Limine ("Motion"). In support of this Motion, the Vinaleses respectfully show the Court as follows:

## I.
## INTRODUCTION

Before the voir dire examination of the jury panel and outside the presence and hearing of the jury panel, the Vinaleses make this Motion in Limine. The Vinaleses seek to exclude matters that are inadmissible, irrelevant, or prejudicial in this case. If Defendants inject these matters into the trial of this case through a party, attorney, or witness, it will cause irreparable harm to the Vinaleses' case, which no jury instruction could cure. If any of these matters are brought to the attention of the jury, directly or indirectly, the Vinaleses will be compelled to move for a mistrial. In an effort to avoid prejudice and a mistrial, the Vinaleses urge this Motion in Limine.

The Vinaleses ask the Court to instruct Defendants and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters listed below without first obtaining a ruling from the Court outside the presence and hearing of the jury, and to instruct Defendants and all counsel to warn and caution each witness to follow the same instructions.

## II.
## MOTION IN LIMINE

1. Attorney Contracts: Any reference or mention to the manner, time, or circumstances under which the Vinaleses employed an attorney or the nature of the attorneys' fees arrangement between the Vinaleses and counsel, including any reference, implication, or inference as to who is paying expenses or is responsible for expenses in connection with this litigation. This also includes any reference to or insinuation that Plaintiffs solicited others to join their lawsuit. *See* FED. R. EVID. 401, 403.

2. Settlement Evidence: Any evidence, references to evidence, testimony, or argument relating to settlement negotiations between the Vinaleses and Defendants. *See* FED. R. EVID. 401, 403, 408.

3. Any evidence Defendants failed to produce in discovery or in response to requests for discovery or which was not timely supplemented in response to Plaintiffs' discovery requests. Defendants should not be permitted to present any witness they did not name in response to Plaintiffs' discovery requests or present any evidence or contentions which were not revealed in responses to Plaintiffs' discovery requests. *See* FED. R. EVID. 403.

4. Any mention, suggestion, or questioning of the Vinaleses or the Vinaleses' witnesses that relates to, accuses, or imputes any findings of guilt or misconduct, criminal charges,

illicit drug use, alcohol consumption, arrests, indictment, or conviction of the Vinaleses or the Vinaleses' witnesses. *See* FED. R. EVID. 401, 403, 404.

5. Any reference to counsels' "personal opinions" regarding the case. *See* FED. R. EVID. 401, 403.

6. Any reference to the testimony, opinions, or Court appearance of any person who was not previously identified or qualified as an expert witness. *See* FED. R. EVID. 403, 702, 703.

7. Any mention that all or a portion of the Vinaleses' claim is owned by an insurance company. *See* FED. R. EVID. 401, 403.

8. Any "expert reports" prepared by Defendants' experts as they are inadmissible hearsay. *See* FED. R. EVID. 801, 802; *Ake v. General Motors*, 942 F. Supp. 869, 878 (W.D.N.Y. 1996); *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728 (6th Cir. 1994).

9. Any comment, mention, or reference to the number of the Vinaleses' attorneys or the number of team members on the Vinaleses' side. *See* FED. R. EVID. 401, 403.

10. Any reference or suggestion that an award in this case will result in unjust enrichment or that the Vinaleses are trying to "hit the lottery" by this lawsuit. *See* FED. R. EVID. 401, 403.

11. Any reference or suggestion to the effect that an award of money will not undo what injuries and damages the Vinaleses have sustained. *See* FED. R. EVID. 401, 403.

12. Any testimony by Defendants' experts outside of each expert's designated area of expertise or any testimony from Defendants' experts prior to said experts having established their qualifications to testify on a specific topic or subject matter. *See* FED. R. EVID. 403, 702, 703.

13. Any mention that Plaintiffs failed to produce evidence in response to Defendants' discovery requests. *See* Fed. R. Evid. 403.

14. Any statement, comment, or question regarding any reference to the effect of this trial, verdict, or judgment upon the effects of insurance premiums or Defendants directly. *See* Fed. R. Evid. 401, 403.

15. All hearsay within text messages, social media, emails, or any other written material. *See* Fed. R. Evid. 801, 802.

16. Any mention or reference to the filing of this Motion or any ruling by the Court on this Motion suggesting or implying to the jury that the Vinaleses wrongfully and improperly moved to prohibit proof. *See* Fed. R. Evid. 401, 403.

17. Any mention or reference to mold, microbial growth, and/or mildew in counsels' own residences or the residences of any person that did not reside in housing on Randolph Air Force Base during the time the Vinaleses resided. *See* Fed. R. Evid. 401, 403.

18. Any implication that Defendants are a governmental entity or that they are controlled by the Department of Defense or any branch of the U.S. Military. The Court has previously denied Defendants' assertions of immunity, Defendants have not identified any responsible third parties, and any such implication would be highly prejudicial. *See* Fed. R. Evid. 401, 403.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the Vinaleses pray that the Court grants their Motion in Limine and instructs the Defendants, their counsel, and witnesses not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters listed above without first obtaining a ruling from the Court outside the presence

and hearing of the jury. The Vinaleses pray for such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

          Respectfully submitted,

          By: */s/ Ryan C. Reed*
          **PULMAN, CAPPUCCIO & PULLEN, LLP**
          2161 NW Military Highway, Suite 400
          San Antonio, Texas 78213
          (210) 222-9494 Telephone
          (210) 892-1610 Facsimile
          Randall A. Pulman
          Texas State Bar No. 16393250
          rpulman@pulmanlaw.com
          Ryan C. Reed
          Texas State Bar No. 24065957
          rreed@pulmanlaw.com

          **WATTS GUERRA LLP**
          Mikal C. Watts
          Texas State Bar No. 20981820
          mcwatts@wattsguerra.com
          Francisco Guerra, IV.
          Texas State Bar No. 00796684
          fguerra@wattsguerra.com
          Robert Brzezinski
          Texas State Bar No. 00783746
          rbrzezinski@wattsguerra.com
          Jennifer A. Neal
          Texas State Bar No. 24089834
          jneal@wattsguerra.com
          4 Dominion Dr., Bldg. 3, Suite 100
          San Antonio, TX 78257
          (210) 447-0500 Telephone
          (210) 447-0501 Facsimile

          **MORIARTY SKIVER, PLLC**
          James. R. Moriarty
          Texas State Bar No. 14459000
          jim@moriarty.com

4119 Montrose, Suite 250
Houston, Texas 77006
(713) 528-0700 Telephone
(713) 528-1390 Facsimile

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I certify that on the 18th day of May 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

*Via CM/ECF:*
Walter H. Boone
Jennifer J. Skipper
BALCH & BINGHAM LLP
188 East Capitol Street,
Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
wboone@balch.com
jskipper@balch.com

-and-

Julia W. Mann Erica Benites Giese
JACKSON WALKER LLP
112 E. Pecan Street, Suite 2400 San Antonio, Texas 782015 Telephone: 210-978-7761
Facsimile: 210-242-4646
jmann@jw.com
egiese@jw.com

**Attorneys for AETC II Privatized Housing, LLC, AETC II Property Managers, LLC, and Hunt ELP, Ltd.**

/s/ Ryan C. Reed_____

Ryan C. Reed

*Plaintiffs Shane Christian Vinales, Individually, and on Behalf of L.M.V. and S.V., Minors, and Becky Ann Vinales' Motion in Limine*     Page 6 of 6