**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MICHAEL J. DANIELS AND BARBARA HIGH-DANIELS, ET AL.** | § § § | |
| **PLAINTIFFS** | § § | |
| **v.** | § § | **NO. 5:19-cv-01280-RBF** |
| **AETC II PRIVATIZED HOUSING, LLC; ET AL.** | § § § | |
| **DEFENDANTS** | § | |

---

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS**

---

AETC II Privatized Housing, LLC ("AETC Housing"), AETC II Property Managers, LLC ("AETC Managers"), and Hunt ELP, Ltd. (collectively, the "Defendants") by counsel, pursuant to this Court's scheduling order and the Local Rules of the United States District Court for the Western District of Texas, submit the following objections, set forth in Attachment A, to Plaintiffs' Exhibit List. Defendants reserve the right to amend or modify any of the objections set forth in Attachment A on the basis of any stipulation entered into by the parties; corrections, revisions or other modifications to the underlying exhibits; any order from the Court on outstanding motions; and any ruling from the Court impacting admissibility.

With regard to recurring objections to multiple exhibits, Defendants propose the following modifications to cure the objection:

| Code | Objection | Proposed modification |
|---|---|---|
| Conf. | Defendants object to all exhibits designated as confidential. | Depending on the exhibit, Defendants propose that Plaintiffs remove the confidential classification from the exhibit in some |

EXHIBIT B

| | | instances, and admit under seal in others. |
|---|---|---|
| Other Pls. | Defendants object to all exhibits that include the names of other Plaintiffs in this case. | Redact names. |
| Col. | Defendants object to all exhibits that contain black and white photographs where color photographs of the same are available. | Replace black and white photograph with available color photograph of same. |

Defendants indicate which exhibits they object to for the above-listed reasons, among other reasons, in Attachment A.

Respectfully submitted, this the __ day of May 2023.

/s/ *Walter H. Boone*
Walter H. Boone, MS Bar No. 8651
(*admitted to W.D. of Tex. on 7/28/2020*)
Jennifer J. Skipper, State Bar No. 24076171
Balch & Bingham LLP
188 East Capitol Street, Suite 1400
Jackson, Mississippi 39201-2133
Telephone:  601-965-8182
Facsimile:  866-501-9984
E-Mail: jskipper@balch.com
        wboone@balch.com

Julia W. Mann, State Bar No. 00791171
Erica Benites Giese, State Bar No. 24036212
JACKSON WALKER LLP
112 East Pecan Street, Suite 2400
San Antonio, Texas 782015
Telephone: 210-978-7761
Facsimile: 210-242-4646
E-Mail: jmann@jw.com
        egiese@jw.com
**Attorneys for Defendants**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the __ day of May 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Randall A. Pulman, Esq.
Ryan C. Reed, Esq.
Matthew J. McGowan, Esq.
Sarah Jackson, Donahue, Esq.
PULMAN, CAPPUCIO, & PULLEN, LLP
2161 NW Military Highway, Suite 400
(210) 222-9494 Telephone
(210) 892-1610 Facsimile
E-Mail: rpulman@pulmanlaw.com
 rreed@pulmanlaw.com
 mmcgowan@pulmanlaw.com
 sdonahue@pulmanlaw.com

James R. Moriarty, Esq.
LAW OFFICES OF JAMES R. MORIARTY
4119 Montrose, Suite 250
(713) 528-0700 Telephone
(713) 528-1390 Facsimile
E-Mail: jim@moriarty.com

Francisco Guerra, IV
Jennifer Arlene Neal
Robert E. Brzezinksi
WATTS GUERRA, LLP
Four Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
(210) 477-0500
E-Mail: fguerra@wattsguerra.com
 jneal@wattsguerra.com
 rbrzezinski@wattsguerra.com

/s/ *Walter H. Boone*
Walter H. Boone, MS Bar No. 8651
(*admitted to W.D. of Tex. on 7/28/2020*)

# Attachment A

**Objections to Plaintiffs' Proposed Exhibits**

| Exhibit | Plaintiffs' Description | Bates Number | Objection | Proposed Modification (if applicable) |
|---|---|---|---|---|
| P-1 | Lease Application | AETC - Gen01-000037 | Conf. | Remove confidential classification. |
| P-2 | Lease | AETC - Gen01-000054 | Conf. | Remove confidential classification. |
| P-3 | Lease-Resident Guidelines | AETC - Gen-09-001100 | Conf.; Issue with Bates number | Remove confidential classification; Update exhibit list with correct Bates number. |
| P-4 | Lease MIMO Form | AETC - Gen01-000086 | Conf. | Remove confidential classification. |
| P-5 | 2019.03.06 - Multiple Emails | AETC - Gen02-001950 | Conf. | Remove confidential classification. |
| P-6 | 2019.03.12 - Becky with Froom | AETC - Gen01-000300 | Conf. | Remove confidential classification. |
| P-7 | 2019.03.12 - Becky with Froom 2 | AETC - Gen02-000182 | Conf. | Remove confidential classification. |
| P-8 | 2019.03.22 - Becky with Froom 3 | AETC - Gen02-001014 | Conf. | Remove confidential classification. |
| P-9 | 2019.04.10 - Froom re Minol | AETC - Gen02-000261 | Conf. | Remove confidential classification. |
| P-10 | 2019.04.10 - Froom re Follow Up on Work | AETC - Gen02-000170 | Conf. | Remove confidential classification. |
| P-11 | 2019.05.17 - Vinales with Knight Email | AETC - Gen01-000460 | Conf. | Remove confidential classification. |
| P-12 | 2019.05.20 - Knight with Vinales follow up | AETC - Gen02-000052 | Conf. | Remove confidential classification. |
| P-13 | 2019.05.23 - Knight Update | AETC - Gen02-000045 | Conf. | Remove confidential classification. |
| P-14 | 2019.06.03 - Lenderman to Hunt Letter | AETC - Gen01-000832 | Conf. | Remove confidential classification. |
| P-15 | 2019.06.03 - Shane to All | Vinales-0000012 | Conf. | Remove confidential classification. |
| P-16 | 2019.06.04  Becky to Keri | AETC - Gen01-000276 | Conf. | Remove confidential classification. |
| P-17 | 2019.06.06 - Radliff Resp to Gen Lenderman | AETC - Gen01-000983 | Conf. | Remove confidential classification. |
| P-18 | 2019.06.07 - Hunt Letter to Vinales | AETC - Gen01-000022 | Conf. | Remove confidential classification. |

| P-19 | 2019.06.10 - Estrada email | AETC - Gen02-000055 | Conf. | Remove confidential classification. |
|------|---------------------------|---------------------|-------|-------------------------------------|
| P-20 | Comfort Air Pictures | Daniels-SDT Comfort-Air Engineering Vinales-0000015 | Foundation and authentication – Plaintiffs failed to disclose an authenticating witness, pursuant to Rule 26 of the Federal Rules of Civil Procedure, to authenticate and lay an adequate factual foundation for the photographs. FED. R. EVID. 901.<br><br>Because Plaintiffs failed to disclose such a witness, and failed to supplement their disclosures to include such a witness, Plaintiffs are not allowed to use such a witness at trial. FED. R. CIV. P. 37(c).<br><br>Conf.<br><br>Col. | If the Court disagrees with Defendants' objections to the admission of this evidence based on lack of foundation and authentication, then Defendants request that the Plaintiffs remove the confidential classification on the document and replace the proposed version of the exhibit with one that depicts all images in color rather than black and white. |
| P-21 | 2015.09.22 - Aladdin Report to Dyer | Vinales-0001178 | Hearsay –The entire report is inadmissible hearsay. FED. R. EVID. 801. *See* Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Authenticity –Plaintiffs failed to disclose the prior resident or the author of the report to authenticate and lay an adequate factual foundation for the prior resident's report. FED. R. EVID. 901. *See* Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Plaintiffs failed to disclose such an authenticating witness, failed to supplement their disclosures to include such a witness, and are not | |

allowed to use such a witness at trial. FED. R. CIV. P. 37(c).

Relevance – This exhibit bears no relevance to the only obligation at issue under the Lease Agreement, whether Defendants "made a diligent effort to repair or remedy" the Vinales claimed damage and conditions. A prior resident's mold report has no bearing on Plaintiffs' claim and is irrelevant and inadmissible. FED. R. EVID. 402. *See* Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379].

Relevance and Prejudice – By Plaintiffs' own Motion in Limine # 17, any mention or reference to mold, microbial growth, and/or mildew in . . . residences of any person that did not reside in housing on Randolph Air Force Base *during* the time of the Vinales resided" is not relevant and prejudicial under Fed. R. Evid. 401 and 403. [377 at 4].

Prejudice –Any probative value this exhibit may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay forcing the parties to litigate mold claims years before the Vinaleses moved in. FED. R. EVID. 403. *See* Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379].

Unreliable Expert Testimony – The report states that the

| | | | conclusions are based on a comparison to outdoor control samples, but the report itself admits that there were no such outdoor control samples taken.  If offered by an expert, this report would be unreliable and contrary to industry practice.<br><br>Failure to Produce Related Laboratory Results –The actual lab results from the testing that was purportedly performed by Aladdin Environmental was never produced in this case. If the Court finds this report admissible, then Defendants require the laboratory results that accompany this 2015 report be produced and admitted under the "rule of completeness." FED. R. EVID. 106. | |
| P-22 | Mold Armor Report 2019.03.20 | Daniels-SDT WM Barr Vinales-0000001 | Hearsay – This entire report is inadmissible hearsay. FED. R. EVID. 801. *See* Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Prejudice – Any probative value this exhibit may have is substantially outweighed by a danger of misleading the jury and undue delay because it forces the Defendants to litigate the veracity of an at-home mold test. FED. R. EVID. 403. *See* Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379<br><br>Conf. | If the Court disagrees with Defendants' objections to the admission of this evidence based on hearsay and undue prejudice, then Defendants request that the Plaintiffs remove the confidential classification on the document. |

| P-23 | Eurofins Report and Labs - | Daniels-SDT Eurofins EMLab - Vinales-0000006 | Hearsay – This entire report is inadmissible hearsay. FED. R. EVID. 801.<br><br>Conf. | If the Court disagrees with Defendants' objections to the admission of this evidence based on hearsay, then Defendants request that the Plaintiffs remove the confidential classification on the document. |
|---|---|---|---|---|
| P-24 | 2019.04.11 - KMiller Depo Mold Report | KBM Depo Exhibit 16 | Hearsay – This entire report is inadmissible hearsay. FED. R. EVID. 801.<br><br>Hearsay within hearsay – Defendants object to portions of Section 4.0 of this exhibit, titled Collection Inspection Data, that includes laboratory data sheets, and laboratory results from EMLab P&K, which are included as part of the proposed exhibit. These laboratory data sheets and laboratory results from EMLab P&K are hearsay within hearsay. FED. R. EVID. 801.<br><br>Relevance –This exhibit lacks relevance to the Vinaleses' breach of contract claim. The ATP test, which measures "cleanliness," and has no bearing on either mold or the Plaintiffs' claim that Defendants breached the subject contract. FED. R. EVID. 402. *See* Defendants' Motion *in Limine* to Exclude Opinions and Testimony of Kristy Beck-Miller, [287], which incorporates by reference an Appendix in support of a previously filed Motion to Exclude or Limit Testimony of Kristy Beck-Miller, [245-1]. |  |

| | | | Prejudice –This exhibit is so fundamentally flawed that its prejudicial effect substantially outweighs any conceivable probative value. *See* Defendants' Motion *in Limine* to Exclude Opinions and Testimony of Kristy Beck-Miller. [287]. | |
|---|---|---|---|---|
| P-25 | 2019.06.06 Argus Contents Sampling | AETC - Gen01-000004 | Conf. | Remove confidential classification. |
| P-26 | 2019.06.07 Argus Contents Letter | AETC - Gen01-000003 | Conf. | Remove confidential classification. |
| P-27 | Vinales Property Remaining | AETC - Gen01-000209 | Conf. | Remove confidential classification. |
| P-28 | Vinales Photos | 0000072 | Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000080 | Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. For further discussion on | |

| | | | | |
|---|---|---|---|---|
| | | | this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial [379]. | |
| | | 0000086 | Foundation and authentication – Defendants object to this exhibit on the basis that Plaintiffs failed to disclose critical metadata, pursuant to Rule 26(a)(1)(A)(ii) and in violation of the ESI Protocol set forth in this case, to authenticate and lay an adequate factual foundation for the exhibit. FED. R. EVID. 901. Because Plaintiffs failed to disclose such metadata and failed to supplement their disclosures to include such metadata, Plaintiffs are not allowed to use this evidence at trial. FED. R. CIV. P. 37(c). Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. The date for which this photograph was taken cannot be determined and, therefore, neither can its relation to Plaintiffs' claims. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000105 | Reliability – Defendants object to this exhibit on the basis that it lacks any scientific merit and does not have the tendency to make a | |

| | | | fact in this case more or less probable. FED. R. EVID. 401. An at-home testing kit conducted by Plaintiffs lacks any scientific validity or accuracy, and it cannot be reliable or relevant in determining Plaintiffs' claims. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. Evidence and/or testimony relating to an inaccurate and nonscientific at-home test kit has ability to prove or disprove Plaintiffs' claims and is irrelevant and inadmissible. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |

9

| | | 0000133 | Reliability – Defendants object to this exhibit on the basis that it lacks any scientific merit and does not have the tendency to make a fact in this case more or less probable. FED. R. EVID. 401. An at-home testing kit conducted by Plaintiffs lacks any scientific validity or accuracy, and it cannot be reliable or relevant in determining Plaintiffs' claims. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. Evidence and/or testimony relating to an inaccurate and nonscientific at-home test kit has ability to prove or disprove Plaintiffs' claims and is irrelevant and inadmissible. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. For further discussion on this issue, please see | |
|---|---|---|---|---|

| | | | Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
|---|---|---|---|---|
| | | 0000147 | Foundation and authentication – Defendants object to this exhibit on the basis that Plaintiffs failed to disclose critical metadata, pursuant to Rule 26(a)(1)(A)(ii) and in violation of the ESI Protocol set forth in this case, to authenticate and lay an adequate factual foundation for the exhibit. FED. R. EVID. 901. Because Plaintiffs failed to disclose such metadata and failed to supplement their disclosures to include such metadata, Plaintiffs are not allowed to use this evidence at trial. FED. R. CIV. P. 37(c). Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. The date for which this photograph was taken cannot be determined and, therefore, neither can its relation to Plaintiffs' claims. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000178 | Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. FED. R. EVID. 402. For further | |

| | | | | |
|---|---|---|---|---|
| | | | discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000191 | Reliability – Defendants object to this exhibit on the basis that it lacks any scientific merit and does not have the tendency to make a fact in this case more or less probable. FED. R. EVID. 401. An at-home testing kit conducted by Plaintiffs lacks any scientific validity or accuracy, and it cannot be reliable or relevant in determining Plaintiffs' claims. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. Evidence and/or testimony relating to an inaccurate and nonscientific at-home test kit has ability to prove or disprove Plaintiffs' claims and is irrelevant and inadmissible. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of | |

| | | | | |
|---|---|---|---|---|
| | | | confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000261 | Reliability – Defendants object to this exhibit on the basis that it lacks any scientific merit and does not have the tendency to make a fact in this case more or less probable. FED. R. EVID. 401. An at-home testing kit conducted by Plaintiffs lacks any scientific validity or accuracy, and it cannot be reliable or relevant in determining Plaintiffs' claims. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. Evidence and/or testimony relating to an inaccurate and nonscientific at-home test kit has ability to prove or disprove Plaintiffs' claims and is irrelevant and inadmissible. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |

| | | | | |
|---|---|---|---|---|
| | | | Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000431 | Reliability – Defendants object to this exhibit on the basis that it lacks any scientific merit and does not have the tendency to make a fact in this case more or less probable. FED. R. EVID. 401. An at-home testing kit conducted by Plaintiffs lacks any scientific validity or accuracy, and it cannot be reliable or relevant in determining Plaintiffs' claims. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. Evidence and/or testimony relating to an inaccurate and nonscientific at-home test kit has ability to prove or disprove Plaintiffs' claims and is irrelevant and inadmissible. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in | |

| | | | | |
|---|---|---|---|---|
| | | | Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000446 | Reliability – Defendants object to this exhibit on the basis that it lacks any scientific merit and does not have the tendency to make a fact in this case more or less probable. FED. R. EVID. 401. An at-home testing kit conducted by Plaintiffs lacks any scientific validity or accuracy, and it cannot be reliable or relevant in determining Plaintiffs' claims. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. Evidence and/or testimony relating to an inaccurate and nonscientific at-home test kit has ability to prove or disprove Plaintiffs' claims and is irrelevant and | |

15

| | | | | |
|---|---|---|---|---|
| | | | inadmissible. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000450 | Reliability – Defendants object to this exhibit on the basis that it lacks any scientific merit and does not have the tendency to make a fact in this case more or less probable. FED. R. EVID. 401. An at-home testing kit conducted by Plaintiffs lacks any scientific validity or accuracy, and it cannot be reliable or relevant in determining Plaintiffs' claims. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. Evidence and/or testimony relating to an inaccurate and | |

| | | | | |
|---|---|---|---|---|
| | | | nonscientific at-home test kit has ability to prove or disprove Plaintiffs' claims and is irrelevant and inadmissible. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000469 | Reliability – Defendants object to this exhibit on the basis that it lacks any scientific merit and does not have the tendency to make a fact in this case more or less probable. FED. R. EVID. 401. An at-home testing kit conducted by Plaintiffs lacks any scientific validity or accuracy, and it cannot be reliable or relevant in determining Plaintiffs' claims. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Relevance – Defendants object to this exhibit on the basis that it lacks relevance to | |

17

| | | | | |
|---|---|---|---|---|
| | | | the Vinaleses' sole claim for trial, breach of contract. Evidence and/or testimony relating to an inaccurate and nonscientific at-home test kit has ability to prove or disprove Plaintiffs' claims and is irrelevant and inadmissible. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000517 | Foundation and authentication – Defendants object to this exhibit on the basis that Plaintiffs failed to disclose critical metadata, pursuant to Rule 26(a)(1)(A)(ii) and in violation of the ESI Protocol set forth in this case, to authenticate and lay an adequate factual foundation for the exhibit. FED. R. EVID. 901.<br>Because Plaintiffs failed to disclose such metadata and failed to supplement their disclosures to include such metadata, Plaintiffs are not allowed to use this evidence at trial. FED. R. CIV. P. 37(c). | |

| | | | | |
|---|---|---|---|---|
| | | | Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. The date for which this photograph was taken cannot be determined and, therefore, neither can its relation to Plaintiffs' claims. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000521 | Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000555 | Foundation and authentication – Defendants object to this exhibit on the basis that | |

| | | | | |
|---|---|---|---|---|
| | | | Plaintiffs failed to disclose critical metadata, pursuant to Rule 26(a)(1)(A)(ii) and in violation of the ESI Protocol set forth in this case, to authenticate and lay an adequate factual foundation for the exhibit. FED. R. EVID. 901.<br>Because Plaintiffs failed to disclose such metadata and failed to supplement their disclosures to include such metadata, Plaintiffs are not allowed to use this evidence at trial. FED. R. CIV. P. 37(c).<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. The date for which this photograph was taken cannot be determined and, therefore, neither can its relation to Plaintiffs' claims. Neither can it be determined if the photo was taken inside Plaintiffs' home. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000569 | Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude | |

| | | | Certain Vinales-Specific Evidence from Trial, [379]. | |
|---|---|---|---|---|
| | | 0000581 | Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. Evidence and/or testimony relating to any medical issues or claims which have now been dismissed are irrelevant and inadmissible. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. Plaintiffs' medical claims have been dismissed and any such evidence would be unfairly prejudicial. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000638 | Reliability – Defendants object to this exhibit on the basis that it lacks any scientific merit and does not have the tendency to make a fact in this case more or less probable. FED. R. EVID. 401. An at-home testing kit conducted by Plaintiffs lacks any scientific validity or accuracy, and it cannot be reliable or relevant in determining Plaintiffs' claims. | |

| | | | FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. Evidence and/or testimony relating to an inaccurate and nonscientific at-home test kit has ability to prove or disprove Plaintiffs' claims and is irrelevant and inadmissible. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000739 | Foundation and authentication – Defendants object to this exhibit on the basis that Plaintiffs failed to disclose critical metadata, pursuant to Rule 26(a)(1)(A)(ii) and in violation of the ESI Protocol set forth in this case, to authenticate and lay an | |

| | | | | |
|---|---|---|---|---|
| | | | adequate factual foundation for the exhibit. FED. R. EVID. 901.<br><br>Because Plaintiffs failed to disclose such metadata and failed to supplement their disclosures to include such metadata, Plaintiffs are not allowed to use this evidence at trial. FED. R. CIV. P. 37(c).<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. The date for which this photograph was taken cannot be determined and, therefore, neither can its relation to Plaintiffs' claims. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000876 | Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000885 | Reliability – Defendants object to this exhibit on the basis that it lacks any scientific merit and does not have the tendency to make a fact in this case more or less probable. FED. R. EVID. 401. | |

| | | | An at-home testing kit conducted by Plaintiffs lacks any scientific validity or accuracy, and it cannot be reliable or relevant in determining Plaintiffs' claims. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | | Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. Evidence and/or testimony relating to an inaccurate and nonscientific at-home test kit has ability to prove or disprove Plaintiffs' claims and is irrelevant and inadmissible. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | | Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000918 | Relevance – Defendants object to this exhibit on the basis that it lacks relevance to | |

| | | | | |
|---|---|---|---|---|
| | | | the Vinaleses' sole claim for trial, breach of contract. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000919 | Foundation and authentication – Defendants object to this exhibit on the basis that Plaintiffs failed to disclose critical metadata, pursuant to Rule 26(a)(1)(A)(ii) and in violation of the ESI Protocol set forth in this case, to authenticate and lay an adequate factual foundation for the exhibit. FED. R. EVID. 901.<br><br>Because Plaintiffs failed to disclose such metadata and failed to supplement their disclosures to include such metadata, Plaintiffs are not allowed to use this evidence at trial. FED. R. CIV. P. 37(c).<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. The date for which this photograph was taken cannot be determined and, therefore, neither can its relation to Plaintiffs' claims. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000974 | Relevance – Defendants object to this exhibit on the | |

25

basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. A photo of Plaintiff crying has no bearing on breach of contract claim at issue and is therefore irrelevant. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379].

Foundation and authentication – Defendants object to this exhibit on the basis that Plaintiffs failed to disclose critical metadata, pursuant to Rule 26(a)(1)(A)(ii) and in violation of the ESI Protocol set forth in this case, to authenticate and lay an adequate factual foundation for the exhibit. FED. R. EVID. 901.
Because Plaintiffs failed to disclose such metadata and failed to supplement their disclosures to include such metadata, Plaintiffs are not allowed to use this evidence at trial. FED. R. CIV. P. 37(c).

Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. The date for which this photograph was taken cannot be determined and, therefore, neither can its relation to Plaintiffs' claims. Further, a photo of the Plaintiff crying is highly prejudicial against

| | | | | |
|---|---|---|---|---|
| | | | Defendants. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0001007 | Foundation and authentication – Defendants object to this exhibit on the basis that Plaintiffs failed to disclose critical metadata, pursuant to Rule 26(a)(1)(A)(ii) and in violation of the ESI Protocol set forth in this case, to authenticate and lay an adequate factual foundation for the exhibit. FED. R. EVID. 901.<br><br>Because Plaintiffs failed to disclose such metadata and failed to supplement their disclosures to include such metadata, Plaintiffs are not allowed to use this evidence at trial. FED. R. CIV. P. 37(c).<br><br>Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. The date for which this photograph was taken cannot be determined and, therefore, neither can its relation to Plaintiffs' claims. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0001019 | Reliability – Defendants object to this exhibit on the basis that it lacks any scientific merit and does not have the tendency to make a | |

| | | | fact in this case more or less probable. FED. R. EVID. 401. An at-home testing kit conducted by Plaintiffs lacks any scientific validity or accuracy, and it cannot be reliable or relevant in determining Plaintiffs' claims. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. Evidence and/or testimony relating to an inaccurate and nonscientific at-home test kit has ability to prove or disprove Plaintiffs' claims and is irrelevant and inadmissible. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379].

Prejudice – Defendants object to this exhibit on the basis that any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. FED. R. EVID. 403. For further discussion on this issue, please see Defendants' Motion in Limine to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
| | | 0000610 | Hearsay – Defendants object to this exhibit on the basis that | |

| | | | | the entire written document is inadmissible hearsay. The document is an out of court statement offered for the truth of its contents. FED. R. EVID. 801. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Authenticity – Defendants object to this exhibit on the basis that Plaintiffs failed to disclose this document and/or portions of this document pursuant to Rule 26 of the Federal Rules of Evidence, to authenticate and lay an adequate factual foundation for the prior resident's report. FED. R. EVID. 901. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Relevance – Defendants object to this exhibit on the basis that it lacks relevance to the Vinaleses' sole claim for trial, breach of contract. Evidence and/or testimony relating to any medical issues and claims which are now dismissed have no bearing on Plaintiffs' claims and is irrelevant and inadmissible. FED. R. EVID. 402. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379].<br><br>Prejudice – Defendants object to this exhibit on the basis that | |

| | | | any probative value it may have is substantially outweighed by a danger of confusing the issues, misleading the jury, and undue delay. There are references to medical issues which are no longer at issue in this case and are prejudicial against Defendants. FED. R. EVID. 403. For further discussion on this issue, please see Defendants' Motion *in Limine* to Exclude Certain Vinales-Specific Evidence from Trial, [379]. | |
|---|---|---|---|---|
| P-29 | Hunt's Photos | AETC - Gen02-000525 | Conf. | Remove confidential classification. |
| P-30 | Hunt's 2019.03.08 Notes House-Complaints | AETC - Gen01-000001 | Conf.<br><br>Col. | Defendants request that the Plaintiffs remove the confidential classification on the document and replace the proposed version of the exhibit with one that depicts all images in color rather than black and white. |
| P-31 | Summary Work Order List | AETC - Gen01-001364 | Duplicative and incomplete – This exhibit is duplicative of P-8 and is incomplete, not accurately reflecting a summary work order list for the Vinales family during their tenancy.<br><br>Conf. | If the Court disagrees with Defendants' objections to the admission of this evidence based on duplicity and incompleteness, then Defendants request that the Plaintiffs remove the confidential classification on the document. |
| P-32 | Work Orders During | AETC - Gen02-000002 | None | |
| P-33 | Work Orders Before | AETC - Gen02-004678 | Hearsay – This exhibit includes inadmissible hearsay—statements by technicians and statements by former residents. FED. R. EVID. 801. | |

| | | | | |
|---|---|---|---|---|
| | | | Relevance – Evidence of work orders before the Vinaleses' tenancy has no bearing on whether Defendants breached the parties' contract and is irrelevant and inadmissible. FED. R. EVID. 402. *See* Defendants' Motion *in Limine* (General). [378].<br><br>Prejudice – Any probative value this exhibit may have is substantially outweighed by a danger of confusing the issues, misleading the jury and undue delay by forcing the Defendants to litigate prior residents' complaints years before the Vinales family move in to the subject residence. FED. R. EVID. 403. *See* Defendants' Motion *in Limine* (General). [378]. | |
| P-34 | Work Orders After | AETC - Gen02-004677 | Hearsay – The inadmissible hearsay in this exhibit includes both statements by technicians and statements by residents. FED. R. EVID. 801.<br><br>Relevance – Evidence of work orders after the Vinaleses' tenancy has no bearing on whether Defendants breached the parties' contract and is irrelevant and inadmissible. FED. R. EVID. 402. *See* Defendants' Motion *in Limine* (General). [378].<br><br>Prejudice – Any probative value this exhibit may have is substantially outweighed by a danger of confusing the issues, misleading the jury and undue delay by forcing the Defendants to litigate complaints made after the | |

| | | | Vinaleses' tenancy in the home. FED. R. EVID. 403.  *See* Defendants' Motion *in Limine* (General). [378].

Subsequent Remedial Measures – Evidence of repairs or modifications made to the subject home after the Vinaleses moved out is inadmissible. FED. R. EVID. 407. | |
|---|---|---|---|---|
| P-35 | Work Order – Shane Vinales Part 1 | SV Depo Exhibit 243 | None. | |
| P-36 | Work Order – Shane Vinales Part 2 | SV Depo Exhibit 244 | Foundation and authentication – Plaintiffs failed to disclose an authenticating witness, pursuant to Rule 26 of the Federal Rules of Civil Procedure, to authenticate and lay an adequate factual foundation for this exhibit. FED. R. EVID. 901. This document was not produced by the Defendants, but rather the Plaintiffs in this case. Defendants are unsure as to the origin of this document and whether it has been manipulated in any way.

Privacy – This exhibit includes personal identifying information, including names and addresses, of individuals who are not parties to the lawsuit.

Hearsay –The hearsay in this exhibit includes both statements by technicians and statements by former residents. FED. R. EVID. 801.

Relevance – Evidence of work orders before the Vinaleses' tenancy has no bearing on whether | |

| | | | Defendants breached the parties' contract and is irrelevant and inadmissible. FED. R. EVID. 402. *See* Defendants' Motion *in Limine* (General). [378].<br><br>Prejudice – Any probative value this exhibit may have is substantially outweighed by a danger of confusing the issues, misleading the jury and undue delay by forcing the Defendants to litigate complaints made before the Vinaleses lived in the subject home. FED. R. EVID.. 403. *See* Defendants' Motion *in Limine* (General). [378]. | |
|---|---|---|---|---|
| P-37 | DKI Invoice | AETC - Gen02-001853 | None. | |
| P-38 | MDMA | AETC - Gen02-000100 | Relevance – Evidence of the MDMA for the privatization of military housing between the United States Department of the Air Force and AETC II Privatized Housing has no bearing on the question of whether Defendants breached the Vinaleses' lease agreement. As explicitly stated in this exhibit, there are no third party beneficiaries to the MDMA.  *See* Section 10.15 of MDMA. Therefore, whatever obligations exist in this agreement between the United States Government and AETC II Privatized Housing are not passed down to the Vinaleses. This exhibit lacks relevance to the Plaintiffs' claims and/or damages and is inadmissible at trial.  FED. R. EVID. 401, 402.<br><br>Conf. – This exhibit is a confidential, proprietary | For the reasons set forth by Defendants, this document should be excluded from trial. If the Court disagrees, however, then Defendants propose to have this document admitted under seal. |

| | | | business document. It contains specific details regarding the requirements of the United States and the undertakings of Defendants with regard to renovation, reconstruction, and management of base housing, and trade secrets. Because bidding for such agreements with the United States is a competitive process, involving hundreds of pages of agreements, public disclosure of this document would give an unfair advantage to competitors bidding against Defendants in other Projects. *See* Defendants' Opposed Motion for Leave to File Documents Under Seal. [268]. | |
| P-39 | MDMA 1st Amendment | AETC - Gen04-000404 | Relevance –Evidence of the First Amendment to the MDMA for the privatization of military housing between the United States Department of the Air Force and AETC II Privatized Housing has no bearing on the question of whether Defendants breached the Vinaleses' lease agreement. Because this amendment in no way changed the MDMA's provision regarding third party beneficiaries, whatever obligations exist in this amendment between the United States Government and AETC II Privatized Housing are not passed down to the Vinaleses. This exhibit lacks relevance to the Plaintiffs' claims and/or damages, it is inadmissible at trial.  FED. R. EVID. 401, 402. | For the reasons set forth by Defendants, this document should be excluded from trial. If the Court disagrees, however, then Defendants propose to have this document admitted under seal. |

| | | | Conf. – This exhibit is a confidential, proprietary business document. It contains specific details regarding the requirements of the United States and the undertakings of Defendants with regard to renovation, reconstruction, and management of base housing, and trade secrets. Because bidding for such agreements with the United States is a competitive process, involving hundreds of pages of agreements, public disclosure of this document would give an unfair advantage to competitors bidding against Defendants in other projects. *See* Defendants' Opposed Motion for Leave to File Documents Under Seal. [268]. | |
|---|---|---|---|---|
| P-40 | MDMA 2nd Amendment | AETC - Gen04-000408 | Relevance – Evidence of the Second Amendment to the MDMA for the privatization of military housing between the United States Department of the Air Force and AETC II Privatized Housing has no bearing on the question of whether Defendants breached the Vinaleses' lease agreement. Because this amendment in no way changed the MDMA's provision regarding third party beneficiaries, whatever obligations exist in this amendment between the United States Government and AETC II Privatized Housing are not passed down to the Vinaleses. This exhibit lacks relevance to the Plaintiffs' claims and/or damages and is inadmissible | For the reasons set forth by Defendants, this document should be excluded from trial. If the Court disagrees, however, then Defendants propose to have this document filed under seal. |

| | | | at trial. FED. R. EVID. 401, 402.<br><br>Conf. – This exhibit is a confidential, proprietary business document. It contains specific details regarding the requirements of the United States and the undertakings of Defendants with regard to renovation, reconstruction, and management of base housing, and trade secrets. Because bidding for such agreements with the United States is a competitive process, involving hundreds of pages of agreements, public disclosure of this document would give an unfair advantage to competitors bidding against Defendants in other projects. *See* Defendants' Opposed Motion for Leave to File Documents Under Seal. [268]. | |
| P-41 | Project Operating Agreement | AETC - Gen04-000412 | Relevance – Evidence of the Project Operating Agreement between the United States Department of the Air Force and AETC II Privatized Housing has no bearing on the question of whether Defendants breached the Vinaleses' lease agreement and is inadmissible at trial. FED. R. EVID. 401, 402.<br><br>Conf. – This exhibit is a confidential, proprietary business document. It contains specific details regarding the requirements of the United States and the undertakings of Defendants with regard to renovation, reconstruction, and management of base housing, | For the reasons set forth by Defendants, this document should be excluded from trial. If the Court disagrees, however, then Defendants propose to have this document admitted under seal. |

| | | | and trade secrets. Because bidding for such agreements with the United States is a competitive process, involving hundreds of pages of agreements, public disclosure of this document would give an unfair advantage to competitors bidding against Defendants in other projects. *See* Defendants' Opposed Motion for Leave to File Documents Under Seal. [268]. | |
|---|---|---|---|---|
| P-42 | Property Operations and Mgmt Plan | AETC - Gen04-000490 | Relevance – Evidence of the Property Operations and Management Plan, which is exhibit or attachment 4 to the Project Operating Agreement between the United States Department of the Air Force and AETC II Privatized Housing, has no bearing on the question of whether Defendants breached the Vinaleses' lease agreement and is inadmissible at trial. FED. R. EVID. 401, 402.<br><br>Conf. – This exhibit contains specific details regarding the requirements of the United States and the undertakings of Defendants with regard to renovation, reconstruction, and management of base housing, and trade secrets. Because bidding for such agreements with the United States is a competitive process, involving hundreds of pages of agreements, public disclosure of this document would give an unfair advantage to competitors bidding against Defendants in other projects. *See* Defendants' Opposed | For the reasons set forth by Defendants, this document should be excluded from trial. If the Court disagrees, however, then Defendants propose to have this document admitted under seal. |

| | | | Motion for Leave to File Documents Under Seal. [268]. | |
|---|---|---|---|---|
| P-43 | Randolph Ground Lease | AETC - Gen04-000244 | Relevance –Evidence of the Randolph Ground Lease has no bearing on the question of whether Defendants breached the Vinaleses' lease agreement. As explicitly stated in this exhibit, there are no third party beneficiaries to the ground lease. *See* Section 24.11. Therefore, whatever obligations exist in this ground lease are not passed down to the Vinaleses. This exhibit is inadmissible at trial. FED. R. EVID. 401, 402.<br><br>Conf. – This exhibit is a confidential, proprietary business document. It contains specific details regarding the requirements of the United States and the undertakings of Defendants with regard to renovation, reconstruction, and management of base housing, and trade secrets. Because bidding for such agreements with the United States is a competitive process, involving hundreds of pages of agreements, public disclosure of this document would give an unfair advantage to competitors bidding against Defendants in other projects. *See* Defendants' Opposed Motion for Leave to File Documents Under Seal. [268]. | For the reasons set forth by Defendants, this document should be excluded from trial.<br>If the Court disagrees, however, then Defendants propose to have this document admitted under seal. |
| P-44 | 2017 Mold O&M Plan | AETC - Gen04-000707 | Conf. | Remove confidential classification. |
| P-45 | 2019 Mold O&M Plan | AETC - Gen04-000676 | Relevance – Evidence of the 2019 Mold Operations and Maintenance Plan, which was revised in June 2019, weeks after the Vinaleses moved out | If the Court disagrees with Defendants' objections to the admission of this evidence based on |

| | | | of the subject house, has no bearing on whether Defendants breached the parties' contract and is irrelevant and inadmissible. FED. R. EVID. 402.<br><br>Subsequent Remedial Measures – Evidence of plan or policy changes after the Vinaleses moved out is inadmissible. FED. R. EVID. 407.<br><br>Prejudice – Any probative value this exhibit may have is substantially outweighed by a danger of confusing the issues, misleading the jury and undue delay by forcing the Defendants to litigate a plan or policy that never applied during the Vinaleses' tenancy. FED. R. EVID. 403.<br><br>Conf. – This exhibit is a confidential, proprietary business document. Because bidding for such agreements with the United States is a competitive process, involving hundreds of pages of agreements, public disclosure of this document would give an unfair advantage to competitors bidding against Defendants in other projects. | relevance, subsequent remedial measures, and prejudice, then Defendants propose to have this document admitted under seal. |
| P-46 | Mold Prevention and Detection Standard | AETC - Gen04-003784 | Conf. | Remove Attorney Eyes Only classification. |
| P-47 | Mold Policy | AETC - Gen04-003786 | Relevance – Evidence of a Mold Policy that was updated in September of 2020, more than a year after the Vinaleses moved out of the subject residence, has no bearing on whether Defendants breached the parties' contract and is | If the Court disagrees with Defendants' objections to the admission of this evidence based on relevance and subsequent remedial measures, then Defendants request that |

| | | | irrelevant and inadmissible. FED. R. EVID. 402.<br><br>Subsequent Remedial Measures – Evidence of policy changes made after the Vinaleses moved out is inadmissible. FED. R. EVID. 407.<br><br>Conf. | the Plaintiffs remove the Attorney Eyes Only classification on the document. |
|---|---|---|---|---|
| P-48 | Hunt Memo re Humidity Project | AETC - Gen05-000156 | Relevance – The Vinaleses' complaints relate to air duct cleaning and a roof leak, not humidity. A September 2019 memorandum, which is months after the Vinaleses moved out of the subject residence, regarding a dehumidification project is irrelevant here, and inadmissible. FED. R. EVID. 402.<br><br>Prejudice – Any probative value this exhibit may have is substantially outweighed by a danger of confusing the issues, misleading the jury and undue delay by forcing the Defendants to litigate a project that related to humidity and not any problem complained of by the Vinaleses. FED. R. EVID. 403.<br><br>Subsequent Remedial Measure – Evidence of a dehumidification project implemented after the Vinaleses moved out is inadmissible. FED. R. EVID. 407.<br><br>Conf. | If the Court disagrees with Defendants' objections to the admission of this evidence based on relevance, prejudice, and subsequent remedial measures, then Defendants request that the Plaintiffs remove the confidential classification. |
| P-49 | Pilot Specification for Humidity Project | AETC - Gen-05-000137 | Relevance – The Vinaleses' complaints relate to air duct cleaning and a roof leak, not humidity. The pilot | |

| | | | specifications for a dehumidification project, which was implemented after the Vinaleses moved out of the subject residence, is irrelevant and inadmissible. FED. R. EVID. 402.<br><br>Prejudice – Any probative value this exhibit may have is substantially outweighed by a danger of confusing the issues, misleading the jury and undue delay by forcing the Defendants to litigate a project that related to humidity and not any problem complained of by the Vinaleses. FED. R. EVID. 403.<br><br>Subsequent Remedial Measure – Evidence of a dehumidification project implemented after the Vinaleses moved out is inadmissible. FED. R. EVID. 407. | |
|---|---|---|---|---|
| P-50 | EPA Mold Guide | AETC - Gen-04-000895 | Conf. | Remove confidential classification. |
| P-51 | 2018 Resident Satisfaction Survey | AETC - Gen04-009098 | Authentication – There is no way to authenticate statements made in this resident survey. FED. R. EVID. 901.<br><br>Relevance –There is no evidence that a Vinales Plaintiff responded to this Resident Satisfaction Survey. Evidence of complaints by other individuals who purport to live on Randolph Air Force Base have no bearing on whether Defendants breached the parties' lease agreement. FED. R. EVID. 401, 402. *See* Defendants' Motion *in Limine* (General). [378]. | If the Court disagrees with Defendants' objections to the admission of this evidence based on lack of authentication, relevance, prejudice, and hearsay, then Defendants request that the Plaintiffs redact the names of other Plaintiffs and remove the confidential classification. |

41

| | | | Prejudice – Any probative value this exhibit may have is substantially outweighed by a danger of confusing the issues, misleading the jury and undue delay by forcing the Defendants to litigate unsubstantiated complaints by residents other than the Vinaleses. FED. R. EVID. 403. *See* Defendants' Motion *in Limine* (General). [378].<br><br>Hearsay – The hearsay in this exhibit includes both statements by individuals who purport to be residents, or prior residents, of the military housing on Randolph Air Force Base. FED. R. EVID. 801.<br><br>Other Pls. – This exhibit includes names of other Plaintiffs in this case without redaction. | |
| P-52 | Town Hall Notes | AETC - Gen01-001099 | Relevance –Evidence of complaints by other residents on Randolph Air Force Base has no bearing on whether Defendants breached the parties' lease agreement. FED. R. EVID. 401, 402. *See* Defendants' Motion *in Limine* (General). [378].<br><br>Prejudice – Any probative value this exhibit may have is substantially outweighed by a danger of confusing the issues, misleading the jury and undue delay by forcing the Defendants to litigate complaints by residents other than the Vinaleses. FED. R. EVID. 403. *See* Defendants' Motion *in Limine* (General). [378]. | If the Court disagrees with Defendants' objections to the admission of this evidence based on relevance, prejudice, and reference to other Plaintiffs, then Defendants request that the Plaintiffs redact all information that does not specifically relate to the Vinales family and remove the confidential classification. |

| | | | Other Pls. – This exhibit includes names of other Plaintiffs in this case without redaction.<br><br>Conf. | |
|---|---|---|---|---|
| P-53 | 2019.04.08 Email re Work Order Survey | AETC - Gen02-00238 | Relevance – This exhibit, which contains the Bates label English-AETC-Gen02-00238, was produced in the case *Hill, et al. v. AETC II Privatized Housing, LLC, et al.*, No. 5:20-CV-01473. Not only was this document produced in an entirely separate case, no one from the Vinales family ever completed a work order survey. Absent connection to the Vinaleses' breach of contract claim against the Defendants, this exhibit is inadmissible.  FED. R. EVID. 401, 402. | If the Court disagrees with Defendants' objections to the admission of this evidence based on relevance, then Defendants request that the Plaintiffs remove the confidential classification. |
| P-54 | 2019.06.04 Vinales Remediation Concerns | AETC - Gen01-000148 | Conf. | Remove confidential classification. |
| P-55 | 2019.05.31 Vinales Email Per Diem | AETC - Gen01-000677 | Conf. | Remove confidential classification. |
| P-56 | 2019.06.12 Miglieri Validation Request | AETC - Gen01-001190 | Conf. | Remove confidential classification. |
| P-57 | 2019.06.12 Radliff Tracking | AETC - Gen01-001193 | Relevance –This exhibit relates to the Hamilton family, not the Vinales family. Evidence of Defendants' response to complaints from the Hamilton family has no bearing on whether Defendants breached the Vinaleses' lease agreement and is inadmissible. FED. R. EVID. 402. *See* Defendants' Motion *in Limine* (General). [378].<br><br>Prejudice – Any probative value this exhibit may have is substantially outweighed by a danger of confusing the | If the Court disagrees with Defendants' objections to the admission of this evidence based on relevance, prejudice and reference to other Plaintiffs, then Defendants request that the Plaintiffs remove the confidential classification. |

| | | | issues, misleading the jury and undue delay by forcing the Defendants to litigate complaints by residents other than the Vinaleses. FED. R. EVID. 403. *See* Defendants' Motion *in Limine* (General). [378].<br><br>Other Pls. – Defendants object to this exhibit on the basis that it includes names of other Plaintiffs in this case without redaction.<br><br>Conf. | |
|---|---|---|---|---|
| P-58 | 2019.04.22 MHPI Tracker Email 2019.04.22 MHPI Tracker Spreadsheet | AETC - Gen02-004331 AETC - Gen02-004333 | Relevance –Evidence of issues regarding Allison Alexander's home has no bearing on whether Defendants breached the Vinaleses' lease agreement and is therefore inadmissible. FED. R. EVID. 401, 402. *See* Defendants' Motion *in Limine* (General). [378].<br><br>Prejudice – Any probative value this exhibit may have is substantially outweighed by a danger of confusing the issues, misleading the jury and undue delay by forcing the Defendants to litigate complaints by residents other than the Vinaleses. FED. R. EVID. 403. *See* Defendants' Motion *in Limine* (General). [378].<br><br>Other Pls. – Defendants object to this exhibit on the basis that it includes names of other Plaintiffs in this case without redaction.<br><br>Conf. | If the Court disagrees with Defendants' objections to the admission of this evidence based on relevance, prejudice and reference to other Plaintiffs, then Defendants request that the Plaintiffs remove the confidential classification. |
| P-59 | 2019.07.15 Mold Tracker Email | AETC - Gen02-004355 | Relevance –Evidence of issues regarding other homes | If the Court disagrees with Defendants' |

| | 2019.07.15 Mold Tracker Spreadsheet | AETC - Gen02-004357 | has no bearing on whether Defendants breached the Vinaleses' lease agreement and is inadmissible. FED. R. EVID. 401, 402.  *See* Defendants' Motion *in Limine* (General). [378].<br><br>Prejudice – Any probative value this exhibit may have is substantially outweighed by a danger of confusing the issues, misleading the jury and undue delay by forcing the Defendants to litigate complaints by residents other than the Vinaleses. FED. R. EVID. 403.  *See* Defendants' Motion *in Limine* (General). [378].<br><br>Other Pls. – Defendants object to this exhibit on the basis that it includes other Plaintiffs in this case.<br><br>Conf. | objections to the admission of this evidence based on relevance, prejudice and reference to other Plaintiffs, then Defendants request that the Plaintiffs remove the confidential classification. |
| P-60 | Comfort Air Invoice | VINALES-0001070 | Foundation and authentication –Plaintiffs failed to disclose an authenticating witness, pursuant to Rule 26 of the Federal Rules of Civil Procedure, to authenticate and lay an adequate factual foundation for the exhibit. FED. R. EVID. 901.<br><br>Because Plaintiffs failed to disclose such a witness, and failed to supplement their disclosures to include such a witness, Plaintiffs are not allowed to use such a witness at trial. FED. R. CIV. P. 37(c).<br><br>Hearsay – This entire exhibit is inadmissible hearsay. FED. R. EVID. 801. | |

| | | | Hearsay within hearsay –The Call Details and Work Performed sections of this exhibit are hearsay within hearsay (the work order itself). FED. R. EVID. 801. | |
|---|---|---|---|---|