IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J. DANIELS AND BARBARA HIGH-DANIELS, ET AL. | § § § | |
| PLAINTIFFS | § § | |
| v. | § § | NO. 5:19-cv-01280-RBF |
| AETC II PRIVATIZED HOUSING, LLC; ET AL. | § § § | |
| DEFENDANTS | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR HEATHER DYER TO TESTIFY BY ZOOM**

Plaintiffs moved the Court to permit Heather Dyer to testify via Zoom, [400]. AETC II Privatized Housing, LLC ("AETC Housing") and AETC II Property Managers, LLC ("AETC Managers") (collectively, the "Defendants") oppose this motion and in support thereof state as follows:

**LAW AND ARGUMENT**

**I.    Legal Standard**

The Federal Rules of Civil Procedure provide that trial testimony "must be taken in open court" unless a federal statute or rule provides otherwise. *See* FED. R. CIV. P. 43(a). Although Rule 43(a) vests courts with discretion to allow remote testimony during trial, the party requesting such remote testimony must show that there is "good cause in compelling circumstances" for the remote testimony before the court permits it. *Id.* This standard is "most persuasive[ly]" met where "unexpected reasons, such as accident or illness," prevent a witness from attending trial in person. *See* FED. R. CIV. P. 43(a) advisory committee's note to 1996 amendment. Justifications other than

accident or illness, however, "must be approached cautiously," and "a party who could reasonably foresee the circumstances offered to justify [remote] testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id*. Mere inconvenience or logical difficulties cannot satisfy the standard. *Id*.; *Novello v. Progressive Express Ins. Co*., No. 8:19cv1618, 2021 WL 1751351, at 2 (M.D. Fla. May 4, 2021).

    **II.    Plaintiffs Have Not and Cannot Show Good Cause in Compelling Circumstances For The Remote Testimony.**

Plaintiffs filed this lawsuit in October 2019 [1], participated in more two years of discovery, and have known of this trial date since January, 2023. Plaintiffs have also, at all times, known about Mrs. Dyer's purported knowledge regarding the subject residence, since the very documents Mrs. Dyer will testify about were produced by plaintiffs in this litigation. Notwithstanding, they never identified Mrs. Dyer as a person with information in their initial disclosures or supplemental initial disclosures, and they did not preserve her testimony for trial through deposition. Now, on the eve of trial, Plaintiffs move the Court to allow Mrs. Dyer to testify via Zoom from a remote location.

In so moving, Plaintiffs assert that good cause in compelling circumstances exist and justify remote testimony because (1) Mrs. Dyer lives in Virginia, and (2) Mrs. Dyer's son is graduating on June 8, 2023. [400 at 2]. According to Plaintiffs, "[d]ue to the dates available for Ms. Dyer's testimony and the amount of time it would take her to travel, having her testify in person would likely force her to miss her son's graduation." *Id.* These reasons, however, do not amount to good cause in compelling circumstances for remote testimony. As provided in the advisory committee's note to the 1996 amendment of Rule 43, accident or illness are examples of compelling circumstances that allow for remote testimony. But a graduation date which likely known at least as early as the parties knew of the trial date does not suffice. Plaintiffs have neither alleged that an

2

accident nor an illness prevent Mrs. Dyer from attending trial. Rather, they assert that Mrs. Dyer's son's June 8, 2023 graduation makes it impossible for her to travel from Virginia to San Antonio for trial. [400 at 2].

Travel alone, of course, does not establish good cause. *See, e.g.*, *Novello*, No. 8:19-cv-1618-KKM-JSS, 2021 WL 1751351, at *1–2 (M.D. Fla. May 4, 2021) ("mere inconvenience or expense or logistical difficulties associated with travel falls short of suppling the requisite good cause under Rule 43(a)"). Likewise, a school graduation, like many other events, is planned months or even a year in advance—a reasonably foreseeable circumstance. As stated by the advisory committee and emphasized by courts across the country, a "party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." FED. R. CIV. P. 43(a) advisory committee's note to 1996 amendment.

Because Plaintiffs failed to show what *unexpected* reason establishes compelling circumstances for remote testimony, their request for remote testimony must fail. *Hamprecht v. Hamprecht*, No. 2:12-CV-125-FTM-29, 2012 WL 1367534, at *2 (M.D. Fla. Apr. 19, 2012) (denying motion to testify remotely at trial because the plaintiff failed to provide any "unexpected reasons" that would establish compelling circumstances under Rule 43). Again, Plaintiffs' only justification is that "[d]ue to the dates available for Ms. Dyer's testimony and the amount of time it would take her to travel, having her testify in person would likely force her to miss her son's graduation." [400 at 2]. This reason, however, is not unforeseeable: this trial was set in January, 2023. The Plaintiffs did not identify Mrs. Dyer in their initial disclosures or supplemental initial disclosures, they did not depose her during the discovery period, and they did not include their request for remote testimony in the pretrial order. Plaintiffs did not raise that Mrs. Dyer would

3

appear remotely until the pretrial conference. Plaintiffs made a calculated decision not to raise this issue in a timely manner because their justification for remote testimony is entirely foreseeable, and their failure to seek relief from this Court before the eve of trial is inexcusable. *See Air Turbine Tech., Inc. v. Atlas Copco AB*, 217 F.R.D. 545, 546 (SD Fla. 2003).

### III.     Mrs. Dyer's Anticipated Testimony is Neither "Critical" Nor Relevant.

Plaintiffs assert that Mrs. Dyer's testimony is "critical" to this case and is relevant to the issue of what Defendants knew, or should have known, "regarding complaints in the *homes* on this base," as well as whether the Defendants made a "diligent effort to repair or remedy" conditions in the Vinaleses' home before the Vinaleses ever lived there. [400 at 2–3] (emphasis added). For the reasons set forth in Defendants' General Motion in Limine, this testimony is neither critical nor relevant and should be excluded from trial. *See* [378 at 4–7].

### IV.     In the Alternative, Defendants Will Agree to Take Mrs. Dyer's Live Testimony After the Graduation.

As an alternative form of relief, Defendants are willing to allow Mrs. Dyer to testify live during their case-in-chief. Defendants will work with counsel opposite to schedule Mrs. Dyer into the existing trial schedule on either June 12, 13, 14 or 20, at the mutual convenience of the parties and witnesses. While the subject matter of her testimony is not relevant and should be excluded, Defendants insist that this Plaintiffs' witness be treated like all others and testify live.

### CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court DENY Plaintiffs' motion to allow Heather Dyer to testify via zoom, [400].

Respectfully submitted, this the 5th day of June 2023.

/s/ *Walter H. Boone*
Walter H. Boone, MS Bar No. 8651
(*admitted to W.D. of Tex. on 7/28/2020*)
Jennifer J. Skipper, State Bar No. 24076171
Balch & Bingham LLP
188 East Capitol Street, Suite 1400
Jackson, Mississippi 39201-2133
Telephone:  601-965-8182
Facsimile:  866-501-9984
E-Mail: jskipper@balch.com
      wboone@balch.com

Julia W. Mann, State Bar No. 00791171
Erica Benites Giese, State Bar No. 24036212
JACKSON WALKER LLP
112 East Pecan Street, Suite 2400
San Antonio, Texas 782015
Telephone: 210-978-7761
Facsimile: 210-242-4646
E-Mail: jmann@jw.com
      egiese@jw.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Randall A. Pulman, Esq.
    Ryan C. Reed, Esq.
    Matthew J. McGowan, Esq.
    Sarah Jackson, Donahue, Esq.
    PULMAN, CAPPUCIO, & PULLEN, LLP
    2161 NW Military Highway, Suite 400
    (210) 222-9494 Telephone
    (210) 892-1610 Facsimile
    E-Mail: rpulman@pulmanlaw.com
     rreed@pulmanlaw.com
     mmcgowan@pulmanlaw.com
     sdonahue@pulmanlaw.com

    James R. Moriarty, Esq.
    LAW OFFICES OF JAMES R. MORIARTY
    4119 Montrose, Suite 250
    (713) 528-0700 Telephone
    (713) 528-1390 Facsimile
    E-Mail: jim@moriarty.com

    Francisco Guerra, IV
    Jennifer Arlene Neal
    Robert E. Brzezinksi
    WATTS GUERRA, LLP
    Four Dominion Drive, Bldg. 3, Suite 100
    San Antonio, TX 78257
    (210) 477-0500
    E-Mail: fguerra@wattsguerra.com
     jneal@wattsguerra.com
     rbrzezinski@wattsguerra.com

                          /s/ *Julia W. Mann*
                          Julia W. Mann