IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J. DANIELS and BARBARA HIGH-DANIELS, et al. | § § § | |
| PLAINTIFFS | § § | |
| v. | § § | NO. 5:19-cv-01280-RBF |
| AETC II PRIVATIZED HOUSING, LLC; et al. | § § § | |
| DEFENDANTS | § | |

**DEFENDANTS' TRIAL BRIEF IN SUPPORT OF PROPOSED JURY INSTRUCTIONS**

AETC II Privatized Housing, LLC ("AETC Housing") and AETC II Property Managers, LLC ("AETC Managers") (collectively, "Defendants") file this Trial Brief in support of submission of their proposed jury instructions as follows.

**"The Duty to Diligently Repair and Remedy"**

It is axiomatic that the chief goal for the Court in interpreting a written contract "is to ascertain the intention of the parties as expressed in the language used in the instrument itself." *Citizens Nat. Bank in Abilene v. Texas & P. Ry. Co.*, 150 S.W.2d 1003, 1006 (Tex. 1941). To accomplish this objective, "the contract must be considered and construed as an entire instrument, and all of its provisions must be considered and construed together." *Id.* All portions of the contract are to be considered together and meaning must be given to each part "as will carry out and effectuate to the fullest extent the intention of the parties." *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 519 (Tex. 1968) (citing Restatement of the Law of Contracts § 230 (1932)). "It is elemental that the intention of the parties to a contact controls its interpretation. *Gray v. Shaunfield*, 212 S.W.2d 873, 875 (Tex. Civ. App. 1948) (citing *Barber v. Herring*,

1

Tex.Com.App., 229 S.W. 472)."[W]here such intention is made clear and plain by the language used in a written contract," there is no need to further determine intentions. *Id*.

In its context, the duty to repair and remedy is expressly set forth in Section 19 of the Lease (Trial Ex. P-2) as follows:

> 19. **MAINTENANCE AND REPAIRS:** Resident shall make no repairs to the Premises or fixtures located within the Premises without the written approval of Landlord. Resident shall immediately notify Landlord of any damage to the Premises. Landlord shall make a diligent effort to repair or remedy the condition at the Premises in accordance with the maintenance procedures provided in the Resident Guideline. If the condition was caused by Resident, Resident's family member(s), guests or invitees, Landlord may make the repair and Resident will be held responsible for the costs. The Resident Guidelines contain additional information on the maintenance of the Premises and landscaping responsibilities.

Plaintiffs argue that Defendants have a general duty to repair all conditions in the leased premises, whether Plaintiffs notified Defendants of those conditions or not.[1] In support of this position, Plaintiffs contend that this paragraph is somehow modified by Section 2.1 of the Resident Guidelines creating a general duty to repair and to maintain the home in a good and safe working condition:

> 2.1    Landlord Responsibilities
>
> Landlord agrees to maintain all electrical, plumbing, heating, ventilating, air conditioning, appliances and other facilities and common areas in good and safe working condition, ***subject to the covenants and duties undertaken by Resident(s)***. Landlord further agrees to comply with all applicable building and housing code requirements governing residential rental property in the State of Texas.

(Trial Ex. P-3 (emphasis added)). A complete reading of both the Lease and the Resident Guidelines shows that once the Tenant has accepted the home, it becomes the Tenant's responsibility to first notify the Landlord of any conditions within the home that need repair.

---

[1] Of course, the Court has already ruled that no such general duty to repair can exist outside the four corners of the contract. "And a landlord has no implied duty to repair, absent express agreement otherwise. *See Yarbrough v. Booher*, 174 S.W.2d 47, 48 (Tex. 1943)." [368, at 4].

These conflicting interpretations by the parties present a question of law which must be resolved by the Court so that the jury can be properly instructed on the legal duties owed by the parties under the Lease. *City of San Antonio v. Lewis*, 9 Tex. 69, 71 (1852) ("It is within the province of the court to construe written instruments. The legal effect of written evidence is [a] matter of law to be determined by the court."); *Citizens Nat. Bank in Abiliene*, 150 S.W.2d at 1006-07 (analyzing competing contract interpretations). Only one reasonable conclusion may be reached, which is that the Landlord's duty to repair is controlled by Section 19 of the Lease.

## ARGUMENT

1. **A landlord's obligation is to "make a diligent effort to repair or remedy" those conditions of which it was given notice.**

"A landlord is not bound to repair unless there be a convent or agreement on his part to do so." *Yarbrough v. Booher*, 174 S.W.2d 47, 49 (Tex. 1943) (quoting *Weinstein v. Harrison*, 1 S.W. 626, 627 (Tex. 1886)). In this matter, Section 19 of the Lease expressly sets forth this duty and conditions it upon a concurrent obligation on the part of the Tenant to notify the Landlord. *See Jessen v. Le Van*, 161 S.W.2d 585, 586 (Tex. App.—El Paso 1942, no writ). In fact, this same obligation is incorporated into Section 2.1 of the Resident Guidelines, as it provides that the Landlord's agreement to maintain the residence is "subject to the covenants and duties undertaken by the Residents." The "covenants and duties undertaken by the Residents" described in Section 2.1 of the Resident Guidelines are further defined throughout the Resident Guidelines and include, among other things, the same duty to "immediately notify" of any conditions needing repair. Consider the following provisions in the Resident Guidelines, which are identical to the notice requirements in Section 19 of the Lease:

- Section 5.7 of the Resident Guidelines - resident required to "immediately report" "[b]roken or unserviceable housing components, structural damage, water leaks, cracked walls and other maintenance work"  (Ex. P-3, p. 16)

3

- Section 5.8 of the Resident Guidelines - resident required to "promptly request any repairs to be made to the dwelling or its fixtures, security devices or other equipment" (Ex. P-3, p. 17).

Taken together, the notice requirement in Paragraph 19 of the Lease and the notice requirements under the Resident Guidelines are substantially the same. The Tenant must "promptly" or "immediately" notify the Landlord of the condition requiring repair, and then the Landlord has the duty to repair. The Resident Guidelines do not create a general duty to repair all conditions to "good and safe working order" whether noticed or not, as Plaintiffs contend Section 2.1 states. Rather, Section 2.1's condition that the obligation is "subject to the covenants and duties undertaken by the Residents" means that the Tenant still has the obligation to "immediately" and "promptly" notify as set forth elsewhere in the Resident Guidelines. In the end, the repair obligation in both the Lease and the Resident Guidelines is contingent upon, and a condition precedent to, the notice obligation.

Even if this Court were to believe that the Resident Guidelines created a general duty to maintain (which it does not), such an interpretation must be rejected for a very simple reason. To the extent that there is any conflict, the express terms of the Lease provide that the Lease controls:

> 39. **CONFLICTS:** The terms of this Lease shall take precedence over any conflicting terms between this Lease and the Resident Guidelines. In the event of a conflict between any addendum to this Lease and any provision within the Lease or Resident Guidelines, the addendum shall govern and control.

Plaintiffs' attempt to suggest that Section 2.1 of the Resident Guidelines creates a general obligation to maintain the premises in "good and safe working condition" without notice runs squarely into, and is directly refuted by, Paragraph 19 of the Lease. Any conflict must be resolved by choosing the Lease over the Resident Guidelines.

4

In conclusion, the operative obligation in this context is that the tenant has a duty to notify, and the landlord has a duty to "make a diligent effort to repair or remedy" those conditions of which there has been notice. The jury should be so instructed.

**2.    There is No Contract Between the Non-Servicemember Plaintiffs and AETC Housing or Any Other Defendant.**

As previously urged in Defendants' Motion for Judgment as a Matter of Law, which is incorporated herein by reference, the express terms of the Lease define the "Resident" as Shane C. Vinales, and only Lt. Col. Vinales signed the Lease. Ex. P-2 Lease at 1, 10. The court may not disregard the plain language of the contract and improperly read in additional parties. *Citizens Nat'l Bank in Abilene v. Tex. & P. Ry. Co.*, 150 S.W.2d 1003, 1006 (Tex. 1941) ("A contract must be construed in accordance with its language. Its terms, when free from ambiguity and not in conflict with law, establish the rights of the parties."); *Great Atl. & Pac. Tea Co. v. Walker*, 104 S.W.2d 627, 634 (Tex. App.—Eastland 1937) (noting that contract privity usually does not extend to spouses or children), *rev'd on other grounds*, 112 S.W.2d 170 (Tex. 1938). To overcome this hurdle, Plaintiffs were required to come forward with some proof of Defendants' intent to include non-servicemembers as parties, and there is simply no such proof.

**3.    AETC Housing is the only Landlord and the only party with a contractual duty to Lt. Col. Shane Vinales.**

As previously argued in AETC Managers' Motion for Judgment as a Matter of Law, which is incorporated by reference herein, "[i]t is a general rule, well established, that only parties to a contract and those in privity with them can maintain a suit for breach of ... contract." *Dallas Power & Light Co. v. Carrington*, 245 S.W. 1046, 1048 (Tex. App.—Dallas 1922, writ dism'd). Although AETC Managers signed the Lease as an agent of AETC Housing, it was not a contracting party to the Lease which forms the sole basis of Plaintiffs' claim. Further, pre-cession agency law holds

5

that an agent cannot be held liable for breach of a contract between the agent's principal and a third party – particularly a disclosed agency relationship. *Mahoney v. Pittman*, 43 S.W. 143, 146 (Tex. App.—Amarillo 1931); *Morrison v. Ashburn*, 21 S.W. 993, 993 (Tex. App. 1893, no writ). Finally, joint enterprise is a theory of liability applicable to torts and not contracts. *Shoemaker v. Estate of Whistler*, 513 S.W.2d 10, 14 (Tex. 1974) (applying joint enterprise in negligence case); *Watts v. Green*, 190 S.W.3d 44 (Tex. App.—Amarillo 2005, no pet.) (applying joint enterprise doctrine in case with negligence, fraud, DTPA, breach of fiduciary duty, and negligent misrepresentation claims – but without a contract claim).

## **CONCLUSION**

The Court should instruct the jury that the Lease requires Lt. Col. Shane Vinales to immediately notify AETC Housing of any damage or condition requiring repairs and that AETC Housing is then obligated to make a diligent effort to repair that condition. No other parties should be included on the instructions or the charge.

Respectfully submitted, this the 20th day of June 2023.

/s/ *Walter H. Boone*
Walter H. Boone, MS Bar No. 8651
(*admitted to W.D. of Tex. on 7/28/2020*)
Jennifer J. Skipper, State Bar No. 24076171
Balch & Bingham LLP
188 East Capitol Street, Suite 1400
Jackson, Mississippi 39201-2133
Telephone:  601-965-8182
Facsimile:  866-501-9984
E-Mail: jskipper@balch.com
           wboone@balch.com

Julia W. Mann, State Bar No. 00791171
Erica Benites Giese, State Bar No. 24036212
JACKSON WALKER LLP
112 East Pecan Street, Suite 2400
San Antonio, Texas 782015
Telephone: 210-978-7761

Facsimile: 210-242-4646
E-Mail: jmann@jw.com
egiese@jw.com
***Attorneys for Defendants***

Case 5:19-cv-01280-RBF   Document 419   Filed 06/20/23   Page 7 of 8

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 20th day of June 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Randall A. Pulman, Esq.
    Ryan C. Reed, Esq.
    Matthew J. McGowan, Esq.
    Sarah Jackson, Donahue, Esq.
    PULMAN, CAPPUCIO, & PULLEN, LLP
    2161 NW Military Highway, Suite 400
    (210) 222-9494 Telephone
    (210) 892-1610 Facsimile
    E-Mail: rpulman@pulmanlaw.com
     rreed@pulmanlaw.com
     mmcgowan@pulmanlaw.com
     sdonahue@pulmanlaw.com

    James R. Moriarty, Esq.
    LAW OFFICES OF JAMES R. MORIARTY
    4119 Montrose, Suite 250
    (713) 528-0700 Telephone
    (713) 528-1390 Facsimile
    E-Mail: jim@moriarty.com

    Francisco Guerra, IV
    Jennifer Arlene Neal
    Robert E. Brzezinksi
    WATTS GUERRA, LLP
    Four Dominion Drive, Bldg. 3, Suite 100
    San Antonio, TX 78257
    (210) 477-0500
    E-Mail: fguerra@wattsguerra.com
     jneal@wattsguerra.com
     rbrzezinski@wattsguerra.com

                        /s/ *Julia W. Mann*
                        Julia W. Mann