IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J DANIELS, ET AL., | § § § | |
| *Plaintiffs*, | § § | 5-19-CV-01280-RBF |
| vs. | § § § | |
| AETC II PRIVATIZED HOUSING, LLC, ET AL., | § § § § | |
| *Defendants*. | § § | |

### ORDER

Before the Court are four procedural motions. *See* Dkt. Nos. 461, 465, 466, 472. Plaintiffs ask the Court to stay all remaining matters in this case, other than those pertaining to the Vinales family, pending appeal. *See* Dkt. No. 465. Plaintiffs then filed a motion for reconsideration and a hearing on matters unrelated to the Vinales family. *See* Dkt. No. 472. Meanwhile, Defendants seek leave to file supplemental briefing regarding the Konzen family, *see* Dkt. No. 461, and ask the Court to certify judgment and sever the Vinales family's claims for appeal, *see* Dkt. No. 466.

Accordingly, **IT IS ORDERED** that the pending motions are resolved as follows:

Plaintiffs' Motion to Abate, Dkt. No. 466, is **GRANTED**. The parties essentially agree that all matters in this case relating to Plaintiffs other than the Vinales family should be stayed pending resolution of a forthcoming appeal of the judgment in the Vinales trial. The Court concurs, and this case, save for matters relating to the appeal from the Vinales Final Judgment, is hereby **STAYED** pending resolution of the appeal. Given the anticipated length of the stay, the Court concludes that this case is appropriate for administrative closure. *See CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006); *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d

163, 167 (5th Cir. 2004) (explaining how courts use this device to remove inactive cases from their pending dockets and "[t]he effect of an administrative closure is no different from a simple stay").

The Clerk's office is therefore **DIRECTED** to administratively close this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request by any party or on the Court's own motion. *See Mire*, 389 F.3d at 167. In addition, the parties may file documents and motions in the case despite the administrative closure.

As for Defendants' Motion for Leave to File Supplemental Briefing, Dkt. No. 461, and Plaintiffs' Motion for Reconsideration, Dkt. No. 472, because both motions pertain to the Konzen family's claims, which are now stayed, they are effectively moot. Therefore, those motions, Dkt. Nos. 461, 472, are **DENIED without prejudice to reraising** arguments after resolution of the appeal of the Vinales Final Judgment, or as otherwise directed by the Court.

Finally, Defendants' Motion to Certify, Dkt. No. 465, which is essentially unopposed, is **GRANTED IN PART AND DENIED IN PART**. It has long been the Court's intention to certify and sever the Vinales family's claims for appeal under Rule 54(b). All claims are final between and among Defendants AETC II Privatized Housing, LLC; AETC II Property Managers, LLC; and Hunt ELP, Ltd. d/b/a Hunt Military Communities, on the one hand, and Plaintiffs Shane Vinales, individually and as next friend of L.V and S.V., and Becky Vinales, individually and as next friend of L.V and S.V., on the other hand. A host of issues presented in the Vinales case will be revisited in subsequent cases, which are already on file. Judicial economy and the related interests of the parties warrant certification under Rule 54(b) of the Vinales' family's claims. Accordingly, the Court finds that "that there is no just reason for delay" as to entry of a Final Judgment on the Vinales family's claims. The Court will forthwith

enter a Vinales Final Judgment in accordance with Rule 54(b) to certify the Vinales family's claims for appeal, but only *after* issuing rulings on the pending post-judgment motions for attorney's fees, judgment as a matter of law, and new trial. *See* Dkt. Nos. 462, 473, 480.

**IT IS SO ORDERED**.

SIGNED this 2nd day of October, 2023.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE